Argued and submitted October 3, affirmed December 21, 1988, reconsideration denied April 28, petition for review pending 1989

ASSOCIATED OREGON VETERANS et al,
*Appellants,*

*v.*

DEPARTMENT OF VETERANS' AFFAIRS,
*Respondent.*

(86C-12404; CA A47761)

766 P2d 1043

James M. Brown, Salem, argued the cause for appellants. With him on the brief was Enfield, Guimond and Brown, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Plaintiffs appealed from an adverse ruling on a summary judgment motion in an action for declaratory and injunctive relief, in which they sought a determination of their rights under their farm and home loan agreements with defendant, Department of Veterans' Affairs (DVA). In a separate opinion, we affirm that judgment. *Associated Oregon Veterans v. DVA (A46714),* 94 Or App 510, 766 P2d 1040 (1988). We are now called upon in this separate appeal to determine whether the trial court erred in its post-judgment award of attorney fees to DVA after it had granted DVA summary judgment. We affirm.

Plaintiffs alleged six claims. Three were based on contracts with DVA which provide for an award of "reasonable" attorney fees to the prevailing party in litigation. The trial court granted attorney fees "on each of plaintiffs' claims in this action." After plaintiffs objected, DVA conceded that only the contract claims supported an award.[1] DVA then amended its request to exclude the fees attributable to the three non-contractual claims and sought $44,757. The trial court awarded fees of $35,700.

Plaintiffs first argue that DVA failed to plead the basis for attorney fees, as required by ORCP 68C(2). Plaintiffs alleged, and DVA admitted, that the contracts contain the fee provision, but denied that plaintiffs' actions arose out of the contracts. In its prayer, DVA requested that, if the trial court determined that the litigation did arise from the contracts, it be awarded attorney fees. Plaintiffs contend that, because DVA denied that their claims arose from the contracts and then "straddled" the issue by "conditional language in the prayer," it failed to meet the requirement that it set out the facts or statute upon which it was relying for the award. We do not agree.

■ A party may plead in the alternative. ORCP 16C. Although DVA denied that plaintiffs' claims arose from the contracts, it admitted that the contracts provide for fees and asked in its prayer for an award, should the contracts control. Defendant's pleading adequately asserted the contractual

---

[1] Two claims alleged violations of the Administrative Procedures Act, and a sixth alleged an unconstitutional taking without due process under 42 USC § 1983.

basis of its right to recover attorney fees and gave plaintiffs notice that defendant was prepared to assert a claim on that ground. The pleadings met the requirements of ORCP 68C. *See Parkhurst v. Faessler,* 62 Or App 539, 661 P2d 571 (1983).[2]

■ Plaintiffs next argue that the amount of the award is unreasonable, because it exceeded the $27,318 which the attorney general's office, as attorney for defendant, billed defendant. Plaintiffs' position is essentially that the hourly fee billed is controlling as to what is a "reasonable" fee.

We agree with defendant that a fee agreement between an attorney and a client is not *ipso facto* dispositive of reasonable value. In *Chalmers v. Oregon Auto Ins. Co.,* 263 Or 449, 502 P2d 1378 (1972), the attorney and client had a contingent fee agreement. Attorney fees were awarded pursuant to a statute. Discussing the award of fees in relation to a contingent fee agreement, the court recognized that a fee agreement does not always control the amount awarded and that, in some instances, fees larger than provided for by a contingent fee agreement could be awarded. To determine the reasonable fee,

> "we must attempt to ascertain the reasonable value of such services, based not only upon the amount of time required, but also such additional factors as the novelty and difficulty of the question involved, the amount involved, and the result obtained, among other factors." 263 Or at 455.

The trial court considered the appropriate factors in determining the fee. It considered the state's billing as relevant but not determinative. It received evidence as to what hourly billing rates and reasonable time expended on the case would have been from an attorney in private practice.[3] The case was complex. Although the claims were those of the individual plaintiffs, a resolution of the case in their favor would have resulted potentially in a loss to the state of over two

---

[2] We also reject plaintiffs' contention that, although in a declaratory judgment proceeding the court may award costs as "seem equitable and just," ORS 28.100, an award here is not equitable, because the proceeding concerned actions taken by a state agency. Plaintiffs do not explain why "costs" in ORS 28.100 should include attorney fees. Furthermore, the question of fees in this instance is controlled by the contract between the plaintiffs as borrowers and DVA as lender, not as an equitable proceeding between citizen and state.

[3] Despite plaintiffs' argument to the contrary, there was evidence that the fees were reasonable with reference to prevailing professional standards.

hundred million dollars.[4] The evidence supports the conclusion that the hours spent in defending the action were not unreasonable.

Affirmed.

---

[4] DVA had represented to the court that, if it lost, it would treat similarly situated borrowers in accordance with the legal principles established in this action.