Argued and submitted September 5, the decision of the Court of Appeals in case No. A46714 affirming the circuit court judgment affirmed; in case No. A47761 the decision of the Court of Appeals affirming the circuit court judgment modified and attorney fees reduced November 16, 1989

### ASSOCIATED OREGON VETERANS et al,
*Petitioners on Review,*

*v.*

### DEPARTMENT OF VETERANS' AFFAIRS,
*Respondent on Review.*

(CC 86C-12404; CA A46714, A47761; SC S35929, S35930)
(Cases consolidated for argument and opinion)

782 P2d 418

James M. Brown, of Enfield, Guimond & Brown, Salem, argued the cause and filed the petitions for petitioners on review.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the responses were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Carson, Presiding Justice, Jones, Gillette, Van Hoomissen, Justices, and Campbell, Justice pro tempore.

PER CURIAM

**PER CURIAM**

Plaintiffs brought this action for declaratory and injunctive relief, seeking a determination of their rights under their farm and home loan agreements with defendant, Department of Veterans' Affairs (DVA). They appeal from a summary judgment granted by the circuit court in favor of DVA. The Court of Appeals affirmed the circuit court decision. *Associated Oregon Veterans v. DVA*, 94 Or App 510, 766 P2d 1040 (1988). We in turn affirm the decision of the Court of Appeals.

Between July 1971 and August 1982, the individual plaintiffs and others executed notes secured by mortgages. Each note provided for a variable interest rate, a specific date on which the loan would be paid off, and monthly payments that were to be "applied first as interest on the unpaid balance, the remainder on the principal." Each mortgage also contained a modification clause:

> "It is distinctly understood and agreed that this note and mortgage are subject to the provisions of Article XI-A of the Oregon Constitution, ORS 407.010 to 407.210 and any subsequent amendments thereto and to all rules and regulations which have been issued or may hereafter be issued by the Director of Veterans' Affairs pursuant to the provisions of ORS 407.020."

In October 1985, after the legislature authorized DVA to increase its interest rates, DVA raised plaintiffs' rate one percent and increased their monthly payments.

In November 1985, plaintiffs brought an action against DVA contending that DVA's promise in brochures which purported to explain the loans to the loan applicants limited DVA's power to change unilaterally their monthly payments and that, in the event of an interest rate increase, DVA could extend the amortization periods of the loans but could not raise the monthly payments. This court agreed with plaintiffs' contentions and held that DVA could not increase monthly mortgage payments without the mortgagor's consent. *Associated Oregon Veterans v. DVA*, 300 Or 441, 443, 448, 450, 712 P2d 103 (1985).

In compliance with that holding, DVA gave plaintiffs the option either to consent to higher monthly payments or to

extend the amortization period. That election had to be made by May 31, 1986. In April 1986, DVA informed plaintiffs that their loan balances would never decrease, unless they chose to increase their monthly payments. Plaintiffs elected to retain their current monthly payments and to extend the amortization period of their loans. In February 1987, after completing its "final loan processing calculations," DVA informed some borrowers that their loans would extend "indefinitely beyond the scheduled pay-off date," that is, their loan balances would never decrease, and informed others that their loan balances would actually increase each year, because all of the monthly payment would be consumed in paying interest so that the principal amount of the loans would not be reduced.

Plaintiffs, not content with the favorable decision that their monthly payment could not be increased, now contend, among other things, that DVA has breached the loan agreements, which specified a pay-off date, even though the loss of a pay-off date is the sole result of their own choice to make low monthly payments which preclude eventual amortization of the loans. Plaintiffs' arguments are meritless.

When this court in *Associated Oregon Veterans v. DVA, supra,* directed DVA to give plaintiffs the choice between higher monthly payments or extended amortization periods, DVA simply complied.

■ Although plaintiffs fault the DVA for "retroactively collect[ing] interest increases from individual borrowers without the benefit of administrative rule making," the Court of Appeals correctly recognized that the DVA promulgated rules before it acted. The rule authorizing the interest increase was adopted more than four months before it went into effect. Plaintiffs claim that DVA should have promulgated more rules or should have promulgated the ones it did earlier, but they do not show how this was legally necessary.

■ Plaintiffs also claim that DVA's compliance with the unambiguous terms of the notes that plaintiffs voluntarily accepted constitutes a "taking of property" without due process. Such an argument is nonsensical. Plaintiffs' opportunity to accept or reject the modified contract terms that DVA offered them fully complied with the contractual agreement the parties had long ago made. That was the only "process" DVA owed the parties.

The decision of the Court of Appeals affirming the judgment of the circuit court is affirmed.

## ATTORNEY FEES

■ This separate appeal concerns whether the trial court erred in its post-judgment award of attorney fees to DVA after it had granted DVA summary judgment. The Court of Appeals affirmed the trial court. *Associated Oregon Veterans v. DVA,* 94 Or App 526, 766 P2d 1043 (1988).

Plaintiffs alleged six claims. Three were based on contracts with DVA which provide for an award of "reasonable" attorney fees to the prevailing party in litigation. The trial court granted attorney fees "on each of plaintiffs' claims in this action." After plaintiffs objected, DVA conceded that only the contract claims supported an award. Two claims alleged violations of the Administrative Procedures Act, and a sixth alleged an unconstitutional taking without due process under 42 USC §§ 1983, 1988. DVA then amended its request to exclude the fees attributable to the three non-contractual claims and sought $44,757. The trial court awarded fees of $35,700.

Plaintiffs argue that DVA failed to plead the basis for attorney fees, as required by ORCP 68C(2).[1] Plaintiffs alleged, and DVA admitted, that the contracts contain the fee provision, but denied that plaintiffs' actions arose out of the contracts. In its prayer, DVA requested that, if the trial court determined that the litigation did arise from the contracts, it be awarded attorney fees. Plaintiffs contend that because DVA denied that their claims arose from the contracts, it failed to meet the requirement that it set out facts or statute

---

[1] ORCP 68C(2) provides:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is· sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegations shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

upon which it was relying for the award. This contention was rejected by the trial court and the Court of Appeals and is now rejected by this court.

Although DVA denied that plaintiffs' claims arose from the contracts, it admitted that the contracts provide for fees and asked in its prayer for an award, should the contracts control. Defendant's pleading adequately asserted the contractual basis of its right to recover attorney fees and gave plaintiffs notice that defendant was prepared to assert a claim on that ground. The pleadings met the requirements of ORCP 68C.

Plaintiffs' remaining (and only valid) argument is that the amount of the award is unreasonable because it exceeded that $27,318 which the attorney general's office, as attorney for defendant, actually billed defendant. Plaintiffs' position is that the hourly fee billed is controlling as to what is a "reasonable fee."

Although the amount of hours spent by the DVA defending this meritless action could well have been reasonably billed at a larger amount, the plain fact of the matter is that the attorney, albeit a public one, billed its client only for $27,318. That is all DVA — the party to this action — paid. It is the party's right to the attorney fees under the contract. The party, again, although a public party, is not entitled to more than it spent on attorney fees.

The decision of the Court of Appeals and the judgment of the circuit court as to the award of attorney fees are modified and reduced to $27,318.