Argued and submitted May 10, judicial review dismissed December 18, 1991,
reconsideration denied March 4, petition for review denied June 23, 1992
(313 Or _____)

Donna SATHER,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(CA A67165)

822 P2d 738

Lorey H. Freeman, Legal Aid Service, Portland, argued the cause and filed the briefs for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner challenges the validity of an amendment to an administrative plan that provides that new dentures for adults are excluded from Medicaid coverage. The issue is whether the amendment was a "rule" within the definition of ORS 183.310(8).[1] If it was a rule, petitioner argues that it was invalid, because it exceeded respondent Adult and Family Services Division's (AFSD) statutory authority and was promulgated without the rulemaking procedures of ORS 183.335. We hold that the amendment was not a rule and, therefore, dismiss the petition for judicial review for lack of jurisdiction. ORS 183.400(1).[2]

In 1982, AFSD promulgated administrative rules describing coverage for dental services for Medicaid recipients. The relevant rule, now numbered OAR 461-123-080, recites a range of covered dental services and lists them in order of priority for payment. It provides:

*"Order of Priority*

"Due to limited funding the Division has set priorities for what [dental] services are covered and who is eligible to receive those services.

---

[1] ORS 183.310(8) provides, in part:

" 'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency. *The term includes the amendment or repeal of a prior rule, but does not include*:

"(a) Unless a hearing is required by statute, internal management directives, regulations or statements which do not substantially affect the interests of the public:

"(A) Between agencies, or their officers or their employees; or

"(B) Within an agency, between its officers or between employees.

"(b) *Action by agencies directed to other agencies or other units of government which do not substantially affect the interests of the public.*" (Emphasis supplied.)

[2] ORS 183.400(1) provides:

"The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court."

"The priorities for payment are:

"(1)  Emergency Services for children and adults.

"(2)  EPSDT (Medicheck) services [for Medicaid recipients between ages 18 months and 20 years] * * *.

"(3)  Dental care for quadriplegics who are dependent upon the mouth for carrying out functions which otherwise would be performed by the individual with the hands and/or feet.

"(4)  Repair and relining of dentures."

Although OAR 461-123-080 does not specifically refer to new dentures for adults who are not quadriplegics, that service does not appear on the list of covered services contained in OAR 461-123-380.[3] Therefore, it is clear that, under the rules, there is no Medicaid coverage for them.

AFSD's Plan for Medical Assistance, which must be submitted annually to the Health Care Financing Administration (HCFA) to maintain participation in the Medicaid program, describes what medical and dental services are provided. Before December 27, 1989, the plan provided optional dental services only for certain "categorically needy" persons. Paragraph 12.b provided:

"Dentures are provided *subject to prior authorization. AFS's Dental Services Guide and Denturist Services Guide describe[s] services provided.* Prior authorization for payment must be submitted to the AFS branch office for decision by the branch office or State Health Service Section, as appropriate. Applies to categorically needy only." (Emphasis supplied.)

---

[3] OAR 461-123-380 provides, in part, that *"[r]emovable prosthodontics are limited to recipients between 16 and 21 years of age."* (Emphasis supplied.) The rule also includes a list of all denture services and who is eligible for coverage for a particular service:

| Covered for Adults* | Covered for Children | Description |
|---|---|---|
| N | Y | Complete Upper |
| N | Y | Complete Lower |
| N | Y | Upper Partial |
| N | Y | Lower Partial |

\* = Emergency Services Only   Y = Yes   N = No

However, the list of covered services provides that the repair and relining of *existing* dentures are covered for both adults and children.

Petitioner contends that the first sentence, "Dentures are provided subject to prior authorization," indicates that the pre-1989 plan included denture coverage for adults. However, the April 1, 1988, and October, 1989, editions of the Dental/ Denturist Services Guide (Guide),[4] referred to in the *second* sentence of paragraph 12.b, describe the rules governing dental services. Both editions of the Guide provide that, although certain repairs and adjustments to existing dentures may be covered by Medicaid, placement of new *"removable prosthodontics [dentures] are limited to clients between 16 and 21 years of age."* (Emphasis supplied.) The only exception to that limitation is that quadriplegics dependent on their mouths to perform the functions of the hands or feet are eligible for new denture coverage.[5] That description is consistent with OAR 461-123-080 as it read at that time and as it presently reads.

On December 27, 1989, AFSD proposed an amendment to the plan, which was approved by HCFA, effective October 1, 1989. The amendment replaced paragraph 12.b of the plan with:

> *"Dentures are not covered for adults.* Dentures are covered for children under the EPSDT program." (Emphasis supplied.)

That is the only "change" that has been made by AFSD regarding dental coverage. The provisions of the administrative rules were not amended.

Petitioner's first argument is that the amendment was a rule that reduced medical services and that AFSD exceeded its statutory authority by failing to obtain legislative approval before promulgating it. ORS 414.735(3).[6] AFSD

---

[4] Although paragraph 12.b refers to "AFS's Dental Services Guide and Denturist Services Guide" as if they are two separate documents, the record shows that there is a single relevant text, entitled "Dental/Denturist Services Guide."

[5] The parties agree that dentures for quadriplegics have always been a covered service, and that they are covered under the plan as amended in 1989.

[6] ORS 414.735(3) provides:

"[AFSD] shall obtain the approval of the Legislative Assembly or Emergency Board, if the Legislative Assembly is not in session, before instituting the reductions. In addition, providers contracting to provide health services * * * must be notified at least two weeks prior to any legislative consideration of such reductions. Any reductions made under this section shall take effect no sooner than 60 days following final legislative action approving the reductions."

responds that the amendment was not a rule, because it merely clarified or explained the contents of an existing rule. It argues that, because the amendment did not represent a change in the policy of excluding new dentures for adults from Medicaid coverage, AFSD was not required to comply with the rulemaking procedures of ORS 183.335.

In *Associated Oregon Veterans v. DVA*, 94 Or App 510, 514, 766 P2d 1040 (1988), *aff'd* 308 Or 476, 782 P2d 418 (1989), we held:

> "An administrative agency need not engage in the formalities of rulemaking if its directive is merely an application of an existing rule and if the existing rule necessarily requires the result set forth in that directive. *Burke v. Public Welfare Div.*, 31 Or App 161, 165, 570 P2d 87 (1977)."

The only question is whether the plan amendment is a new rule or, as AFSD contends, simply an interpretation and clarification of an existing agency rule.

Before the 1989 amendment, the plan already provided, by reference to the 1988 and 1989 editions of the Guide, that adults who are not quadriplegics were excluded from those "categorically needy" Medicaid recipients who are eligible for new denture coverage. The amendment put that exclusion expressly in the plan. It simply made the existing, unchallenged interpretation explicit. Also, because it did not reduce any previously covered services, AFSD was not required to obtain legislative approval for making the amendment. ORS 414.735(3).

Judicial review dismissed.