Argued and submitted November 21, 1995, remanded in part; otherwise affirmed August 7, 1996, petition for review denied April 15, 1997 (325 Or 247)

Darwin R. WATTS,
*Appellant,*

*v.*

LANE COUNTY,
a political subdivision of
the State of Oregon,
*Respondent,*

*and*

Richard SHERMAN,
*Defendant.*

(16-93-01674; CA A82339)

922 P2d 686

David C. Force argued the cause and filed the briefs for appellant.

David B. Williams, Assistant Lane County Counsel, argued the cause for respondent. With him on the brief was Connie L. Speck, Certified Law Student.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff appeals from a judgment entered pursuant to a directed verdict for Lane County on his claims for battery and false imprisonment. He also appeals a supplemental judgment for costs that included an award of sanctions to the county pursuant to ORCP 46 C. He asserts that the trial court erred in concluding that *former* ORS 426.280(6) gave the county immunity from his claims and in awarding the county $3,500 under ORCP 46 C for the expense of establishing the truth of matters for which the county had sought pretrial admissions. We reduce the amount of the award in the supplemental judgment and otherwise affirm.

Plaintiff's claims arose from his arrest and subsequent involuntary commitment by the county. At the time of his commitment, *former* ORS 426.215, *repealed by* Oregon Laws 1993, chapter 484, section 27, provided, as relevant:

"(1)   Any peace officer may take into custody any person who the officer has probable cause to believe is dangerous to self or to any other person and who the officer has probable cause to believe is in need of immediate care, custody or treatment for mental illness.

"* * * * *

"(5)   The superintendent or administrator of the hospital or other facility shall cause the person to be examined immediately by a physician."

The county pleaded that it was immune from liability on plaintiff's claims under ORS 426.280(6), *since amended by* Oregon Laws 1993, chapter 484, section 23, which provided:

"No peace officer, community mental health director or designee, hospital or other facility, physician or judge shall in any way be held criminally or civilly liable for actions pursuant to ORS 426.215 if the individual or facility acts in good faith, on probable cause and without malice."

Plaintiff asserts that the county is not immune, because plaintiff's commitment was not an action "pursuant to ORS 426.215," because plaintiff was not examined immediately by a physician as required by *former* ORS 426.215(5).

██ In reviewing the trial court's grant of a motion for a directed verdict, we view the evidence and all reasonable inferences in the light most favorable to the nonmoving party and determine whether there was any evidence from which the jury could have found the facts necessary to return a verdict for the nonmoving party. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). The trial court granted the county's motion for a directed verdict on the ground that the immunity provision of ORS 426.280(6) applied. The question on appeal is whether the evidence in the record could permit a jury to find that the county did not act under *former* ORS 426.215, so that it could not claim immunity under ORS 426.280(6). The record on review is insufficient to decide that the court erred on that issue, however, because plaintiff failed to designate the transcript of the trial as part of the record on review. *See King City Realty v. Sunpace*, 291 Or 573, 583, 633 P2d 784 (1981) (appellant required to designate portions of the record necessary to establish error). Consequently, we affirm the trial court's grant of a directed verdict in the county's favor. *Cf. H.N.M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 619, 621 P2d 57 (1980), *rev den* 290 Or 449 (1981) (declining to review merits of appeal when appellant challenged sufficiency of evidence and did not provide complete transcript); *State v. Ness*, 54 Or App 530, 536-37, 635 P2d 1025 (1981), *aff'd* 294 Or 8, 653 P2d 548 (1982) (same result when jury instruction challenged).

We turn to plaintiff's second assignment of error, that the trial court erred in awarding the county $3,500 in attorney fees in the supplemental judgment as a sanction under ORCP 46 C. During discovery, the county served plaintiff with requests for admission, pursuant to ORCP 45. Plaintiff denied or objected to eight requests. After a directed verdict in its favor, the county moved for costs and fees, including $3,500 in attorney fees. It relied on ORCP 46 C, which provides:

> "If a party fails to admit the genuineness of any document or the truth of any matter, as requested under Rule 45, and if the party requesting the admissions thereafter proves the genuiness of the document or the truth of the matter, the party requesting the admissions may apply to the court for an order requiring the other party to pay the

party requesting the admissions the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 45 B or C, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

■ The county argued that $3,500 represented a reasonable attorney fee for the time spent to establish the truth of the matters for which it had sought admissions. The trial court entered a supplemental judgment awarding the county $3,500 in attorney fees.[1] Plaintiff argues that the award of attorney fees is not authorized under ORCP 46 C. We review the trial court's decision to award attorney fees under ORCP 46 C for errors of law and abuse of discretion. *See Adams v. Hunter Engineering Co.*, 126 Or App 392, 396, 868 P2d 788 (1994).

■■ In appropriate cases, a party that prevails at trial after the opposing party denied its requests for admission can recover its trial expenses, including attorney fees, under ORCP 46 C. *See, e.g., Adams*, 126 Or App at 394-97. The trial court may not award such expenses if

"it finds that (1) the request was held objectionable pursuant to Rule 45 B or C, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that such party might prevail on the matter, or (4) there was other good reason for the failure to admit."

ORCP 46 C. Plaintiff argues that one of those four exceptions applies to each of the eight admissions that he denied. Because plaintiff did not designate the trial record as part of the record on appeal, we cannot determine whether plaintiff is correct. We therefore decline to reverse the supplemental judgment on the ground that one of the exceptions in ORCP 46 C applied to any of the requests for admission that plaintiff denied.

---

[1] The court did not award $2,999.91 that the county sought in fees for one of its witnesses. The county does not challenge that ruling on appeal.

■ Plaintiff also argues that the court erred in awarding attorney fees because the county used in-house counsel. Plaintiff asserts that under those circumstances the trial court may not award any attorney fees because a party is not entitled to claim attorney fees "in any amount greater than those fees it was billed and paid." He relies on *Associated Oregon Veterans v. DVA*, 308 Or 476, 782 P2d 418 (1989), in which the court reduced an award of attorney fees to the Department of Veterans' Affairs on the ground that the award exceeded the amount of attorney fees that the department had actually incurred. *Id.* at 481. Further, it limited the award to the $27,318 in attorney fees that the department had actually incurred, even though "the amount of hours spent by the [department] * * * could well have been reasonably billed at a larger amount." *Id.* It stated that the department, "although a public party, is not entitled to more than it spent on attorney fees." *Id.* In essence, *Associated Oregon Veterans* prevents litigants from enriching themselves through attorney fee awards. *See Domingo v. Anderson*, 138 Or App 521, 529-30, 910 P2d 402, *rev allowed* 323 Or 690 (1996) (party not entitled to attorney fees that would be a windfall).

In the present case, the county's counsel filed an affidavit that stated:

"The Lane County Office of Legal Counsel does not bill Lane County departments for services rendered. We do, however, keep time records of time expended on particular cases and it is from those records that the above listing of activities has been prepared. The weighted costs to Lane County for attorney-provided services [is] $59 per hour. Based upon my experience as an attorney, and my knowledge and experience of legal practices in this community, it is my belief that the sum of $100 an hour is a reasonable fee for all attorney services rendered in this case."

That affidavit also stated that the county's counsel had spent 69.3 hours defending the entire case from the time plaintiff responded to the requests for admission. The county argued that 35 of those hours was a reasonable allocation for the time spent proving the truth of the matters for which it requested admissions. The trial court apparently accepted that time allocation, because it awarded $3,500 in fees, which

corresponds to 35 hours multiplied by $100 per hour, the reasonable hourly rate claimed by the county.

On the record before us, the trial court did not err in finding that the county reasonably spent 35 hours on the issues involved in the requests for admission. It did err, however, in using the rate of $100 per hour rather than the actual allocated cost to the county of $59 per hour. Under *Associated Oregon Veterans*, an award of attorney fees to the county cannot be based on an hourly rate that exceeds $59 per hour, the hourly cost of the services provided to the county, even if $100 per hour would be a reasonable rate for the services rendered in defending this case. *See Associated Oregon Veterans*, 308 Or at 481.

While we agree with plaintiff's assertion that a party cannot obtain an attorney fee award under ORCP 46 C greater than the amount of attorney fees incurred, we disagree with plaintiff's assertion that a party must be *billed* for those fees to recover them. We do not interpret *Associated Oregon Veterans* to require a governmental entity to shift money among accounts to recover attorney fees. That case does not require that a prevailing party be billed for attorney fees to recover them. The court stated, "the attorney, albeit a public one, billed its client only $27,318. That is all [the department]—the party to this action—paid." *Id.* at 481. The limiting factor is the actual cost of attorney fees to the county, not whether the attorney formally billed the employer. Whether the county employed outside counsel on an hourly basis to provide legal services or hired someone as a full-time employee for that purpose, the money that it actually paid for the services is an expense that may be the basis of an award of attorney fees.[2] In the present case, therefore, the county may recover attorney fees regardless of the fact that the Lane

---

[2] The court may, of course, award attorney fees to a party that is represented, at no cost to the party, by an organization to further the organization's goals:

"In such situations the client is not the incidental beneficiary of some other legal obligation of the organization; rather, the client and the organization have the common interest of achieving the organization's purposes in the specific case. The organization does not receive a windfall if the losing party bears the burden of the successful joint promotion of that purpose."

*Domingo*, 138 Or App at 529 n 10. *See also State ex rel Binschus v. Schreiber*, 141 Or App 288, 294, 917 P2d 1063 (1996).

County Office of Legal Counsel does not bill Lane County departments for services rendered.

The evidence is that the county's legal services cost it $59 per hour. The trial court apparently accepted the county's estimate that it spent 35 hours proving the truth of the matters for which it had requested admissions; we do not disturb that conclusion. Therefore, we remand for entry of a modified supplemental judgment that awards the county $2,065 rather than $3,500 in attorney fees.

Remanded for entry of supplemental judgment for attorney fees in the amount of $2,065; otherwise affirmed.