Argued and submitted May 22, 1985, affirmed December 17, 1986

# RICHARD,
*Appellant,*

*v.*

# PORTLAND GENERAL ELECTRIC CO.,
*Respondent.*

## (8405-41C; CA A33605)

730 P2d 578

Craig D. White, Portland, argued the cause and filed the briefs for appellant.

Jonathan T. Harnish, Portland, argued the cause for respondent. With him on the brief were Craig A. Crispin and Bullard, Korshoj, Smith & Jernstedt, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Plaintiff alleges three claims for relief: (1) breach of the employment contract; (2) wrongful termination of his employment, alleging that his employment was terminated in retaliation for his having filed Workers' Compensation claims, and (3) outrageous conduct in terminating him with malice. He appeals from a final judgment entered after defendant's motion for summary judgment on all claims was granted, in which the trial court found that plaintiff's claims were brought in bad faith, entitling defendant to attorney fees pursuant to ORS 20.105(1). On appeal, plaintiff assigns error to the court's granting defendant's motion for summary judgment, to its refusal to allow him to file an amended complaint after the court granted defendant's motion and to the award of attorney fees. We affirm.

■    When plaintiff was terminated from defendant's employ on April 12, 1982, he was covered by a collective bargaining agreement that provided that disputes over termination be resolved exclusively through the grievance and arbitration procedures of the agreement. He filed a grievance promptly contesting his termination. On May 11, 1982, the union advised him that it would not pursue the grievance to arbitration, because its investigation indicated that the discharge was proper in the light of plaintiff's poor safety record. Plaintiff's grievance was thereby "waived," a disposition which became final and binding under the agreement. In the circumstances, state and federal policy favoring the exclusivity of remedies provided in collective bargaining agreements bars any common law claim for breach of the employment contract, unless plaintiff alleges facts that would establish an exception, such as his union's failure to represent him fairly in the grievance process. *See Vaca v. Sipes,* 386 US 171, 87 S Ct 903, 17 L Ed 2d 842 (1967); *Gilstrap v. Mitchell Bros. Truck Lines,* 270 Or 599, 606, 529 P2d 370 (1974), *cert den* 421 US 1011 (1975).

In January, 1984, plaintiff's attorney notified defendant that plaintiff believed that he had been wrongfully discharged and would seek redress in the courts, asserting the claims that are alleged in the complaint. Counsel for defendant replied by a letter setting forth defendant's position that, as a matter of law, plaintiff's sole remedy for the contract

claim was under the collective bargaining agreement and that the claim had been finally resolved adversely to him; that plaintiff's claim for retaliatory discharge was time-barred; and that his claim for outrageous conduct resulting in emotional distress was not only factually groundless but, if there were a job connection, his exclusive remedy was under the Workers' Compensation Law. The letter further advised plaintiff that, if he filed an action on those claims, defendant would seek attorney fees, because he would be filing the claims in bad faith.

In May, 1984, plaintiff filed his complaint, seeking general, special and punitive damages. In his breach of contract claim, he failed to allege any facts that might suggest an exception to the rule that his contract remedy was exclusive; he merely alleged that defendant had breached the contract by terminating his employment. The tort claims were, on the face of the complaint, clearly barred by the Statute of Limitations: the claim for discharge in retaliation for filing a workers' compensation claim is barred by ORS 659.121(3) and the intentional infliction of emotional distress claim is barred by ORS 12.110. The conduct that gave rise to the claims was alleged to have occurred on or about April 15, 1982.[1]

In its motion for summary judgment, defendant requested attorney fees pursuant to ORS 20.105(1) and supported that request by an affidavit incorporating the letter from its counsel to plaintiff's attorney. Plaintiff filed no counter-affidavits, but relied only on a memorandum, asserting that an affidavit submitted by defendant indicating that the union had withdrawn from the grievance and arbitration procedures was sufficient to demonstrate that the contract remedy was not exclusive, because it showed that plaintiff had exhausted his remedies under the collective bargaining agreement. He argued that, having exhausted his contract remedies, he was entitled to adjudication of his breach of contract claim in state court, citing *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 611 P2d 281 (1980), and *Gilstrap v.*

---

[1] Plaintiff contends that the Statute of Limitations should begin to run from the date of plaintiff's discovery of the wrongful termination and outrageous conduct, and that that discovery occurred when the union announced that it would not pursue the grievance to arbitration. The complaint contained no such allegations. All of plaintiff's arguments regarding the Statute of Limitations are without merit.

*Mitchell Bros. Truck Lines, supra.* Although those cases indicate that a failure to exhaust exclusive remedies under a collective bargaining agreement need not, of itself, preclude adjudication of a claim, they do not hold that exhaustion of contract remedies is sufficient to permit resort to the courts. To avoid the exclusive contract remedy, there must also be an independent statutory basis, as in *Vaughn,* or a breach of the union's duty to represent fairly, as in *Gilstrap.* Plaintiff filed no affidavit setting forth facts showing that the union failed to represent him fairly in the grievance proceeding.

In granting defendant's motion, the trial court made an express finding that plaintiff had acted in bad faith in filing the action. Plaintiff moved for a new hearing, as well as for leave to file an amended complaint to allege that the union breached its duty of fair representation.[2] Alternatively, plaintiff requested a hearing on the issue of the *amount* of attorney fees requested by defendant. He did not, however, object to the court's finding of bad faith or otherwise contest defendant's *entitlement* to attorney fees. The motions were denied. His request for a hearing on the amount of attorney fees to be awarded was granted. Following that hearing, judgment was entered for defendant in the amount of $2,410.25.

■　　The trial court properly granted summary judgment, because the tort claims were time-barred and the breach of contract claim was unsupported by allegations or affidavits showing an exception to the rule of exclusivity of the contract remedy. Plaintiff had three months within which to amend his complaint following receipt of defendant's motion for summary judgment. He did not do so. The trial court was within its discretion in denying the motions for a new hearing and for leave to file an amended complaint.

■　　In his final assignment, plaintiff contends that the trial court erred in awarding attorney fees to defendant pursuant to ORS 20.105(1), which provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court,

---

[2] The proposed amended complaint did not allege that the union acted in bad faith. In the absence of bad faith, it is doubtful that even the amended complaint states a claim for relief. *See Gilstrap v. Mitchell Bros. Trucking Lines, supra,* 270 Or at 609.

the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if the party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

In its order, the trial court specifically found: "Plaintiff's claims were brought in bad faith * * *." Plaintiff argues that the trial court abused its discretion, because it did not make a more specific finding or identify any basis by which it determined plaintiff was acting in bad faith.

The award of attorney fees is governed by ORCP 68C, which requires that a party seeking attorney fees set forth, in a pleading or motion, the facts, statute or rule providing the basis for attorney fees. ORCP 68C(1). Defendant complied with that requirement when it filed its motion for summary judgment, to which it attached an affidavit of counsel explaining why plaintiff's claims were asserted in bad faith. Plaintiff filed no counter-affidavit. After the court granted defendant's motion, defendant filed an affidavit in support of the amount of attorney fees that it claimed. Plaintiff then filed a motion for a new hearing or for leave to amend his complaint and, in the alternative, for a "hearing to dispute the amount of attorney fees claimed by defendant's counsel." The trial court apparently treated the request for hearing as an objection to the amount of fees, pursuant to ORCP 68(4)(b), and set the matter for hearing. The only issue addressed at that hearing was the reasonableness of the amount of attorney fees requested, which defendant supported by expert testimony.

Although plaintiff could have put in issue defendant's entitlement to attorney fees under the statute, he did not do so either in opposing the motion for summary judgment, in his request for hearing on the amount of attorney fees or at the hearing. Accordingly, the trial court was not asked to address any disputed issue of fact necessary to decide whether plaintiff's claims were filed in bad faith. Because there was evidence to support the general finding of bad faith, plaintiff's contention that the court erred in not making more specific

findings comes too late.[3] If there was error, it was not preserved. *See Falk v. Amsberry,* 290 Or 839, 843, 626 P2d 362 (1981); *Hendrix v. McKee,* 281 Or 123, 125 n 2, 575 P2d 134 (1978); ORAP 7.19.

Affirmed.

---

[3] Under ORS 20.105(1), the attorney fees awarded are "to be paid by the party asserting the claim." We recognize that that may be unfair in this case; however, if his attorney advised plaintiff that he had valid claims that should be asserted, plaintiff may be entitled to reimbursement from the attorney.