Argued and submitted August 31, 1988, affirmed April 5, reconsideration denied August 18, petition for review denied October 26, 1989 (308 Or 465)

In the Matter of the Marriage of

## POOR,
*Appellant,*

*and*

## POOR,
*Respondent.*

(29207; CA A47401)

771 P2d 650

William E. Hensley, Oregon City, argued the cause for appellant. With him on the brief was Gevurtz, Menashe & Hergert, Oregon City.

Robert P. Van Natta, St. Helens, argued the cause for respondent. With him on the brief was Van Natta & Petersen, St. Helens.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Father appeals an order modifying the provisions of a dissolution judgment relating to summer visitation, child support and attorney fees. We affirm.

In December, 1986, father filed a motion to modify the judgment, requesting that the court change custody of the parties' child from mother to him. Mother filed a motion requesting an increase in child support from $150 to $300 per month and a change in the visitation schedule.[1] A hearing was held in May, 1987. The court denied the change in custody, but continued the issues of support and visitation, urging the parties to settle their differences. The court allowed mother attorney fees and requested mother's attorney to submit an affidavit in support of attorney fees and costs. The hearing was resumed on December 15, 1987. The parties had worked out a schedule for most of the visitation but still differed over summer and spring vacation. The court changed the summer visitation, splitting the child's vacation between the parties and giving father six weeks visitation, increased support to $225 per month and awarded attorney fees to wife.

On appeal, father has designated as the record only the transcript of the December 15, 1987, hearing. He contends that only the custody matter was considered at the earlier hearing and, therefore, that it was unnecessary to designate the May hearing as part of the record of this case, because it concerned only visitation and child support. Mother contends that the complete record is necessary for review in this case.

We conclude that, without the complete transcript of the hearing, we are unable to consider father's first two assignments of error. Our review is *de novo* on the entire record. ORS 107.405; ORS 19.125. Father's first two assignments of error concern summer visitation and child support, which would require a review of all of the record. Father contends that there was nothing in the May hearing that would be

---

[1] The judgment is dated January 25, 1983. Father was given visitation every other weekend, alternating holidays and birthdays, eight weeks during the child's summer vacation and was ordered to pay child support of $140 a month. The judgment was modified in 1984 at father's request to give him one week visitation per month and four weeks during the summer. In 1985, again at his request, it was modified to allow visitation on alternate holidays and birthdays, every Father's Day and one half of the child's Christmas vacation; the support obligation was increased to $150.

relevant to these issues. However, mother disagrees. Without transcripts of the hearings below, or an appropriate stipulation, we are unable to determine if there was relevant evidence submitted at the May hearing, and we are unable to review *de novo*. Accordingly, we do not consider the first two assignments of error. *Reeder v. Kay,* 276 Or 1111, 557 P2d 673 (1976); *Troutman v. Erlandson,* 44 Or App 239, 245, 605 P2d 1200 (1980); *Moore v. Brown, Burke,* 19 Or App 199, 527 P2d 132 (1974).

■ Father's final assignment is that the court erred in granting mother's request for attorney fees, because the request did not comply with the requirement of ORCP 68C that the statute authorizing attorney fees be cited. However, father's only objection below to the request submitted by mother for costs and attorney fees was to the inclusion of the expert witness fee. Therefore, even if father's objection were well taken, it was not preserved.[2] *Castor v. Erlandson,* 277 Or 147, 152, 560 P2d 267 (1977); *Richard v. PGE,* 83 Or App 59, 730 P2d 578 (1986); *see Attaway, Inc. v. Saffer,* 95 Or App 481, 770 P2d 596 (1989).

Affirmed. Costs to wife.

---

[2] ORCP 68C does not apply to dissolution cases.