Submitted on record and briefs November 30, 1990, affirmed May 15, 1991

In the Matter of the Marriage of

Susan Rose ELLIOTT,
*Respondent,*
*and*

Donald Edward ELLIOTT,
*Appellant.*

(84-023; CA A64926)

810 P2d 1323

Deanne L. Darling and Hutchison, Hammond, Walsh, Herndon & Darling, P.C., West Linn, filed the brief for appellant.

Susan R. Elliott, Portland, filed the brief *pro se* for respondent.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

**WARREN, P. J.**

Father appeals an order modifying a dissolution judgment. We affirm.

The dissolution judgment required father to pay $250 a month to support his daughter, Gigi, until she reached 18 "or 21 years if [she] is attending school within the meaning of ORS 107.108(4)." In October, 1989, she turned 18. Mother moved to increase support and father moved, among other things, to terminate support, because Gigi was not regularly attending school. The court held a hearing and, according to the order, heard testimony; it concluded that Gigi was regularly attending school and that no substantial change in circumstances had occurred to justify an immediate increase in support. To avoid another hearing, the parties stipulated that an increase on the basis of the new child support guidelines would not be effective until July 1, 1990, two years from the date of the last modification. *See* ORS 25.285.[1] The court increased father's support obligation to $438, effective July 15, 1990, pursuant to the guidelines. ORS 25.275.

■ On appeal, father argues that Gigi is not regularly attending school and that the child support guidelines should not apply to a child who is 18 or older, because they do not take into account the income of the child. In his notice of appeal, father designated as the record on appeal only the trial court file and all exhibits. The transcript of the hearing is not before us. In his statement of facts, father cites the exhibits and the court's findings in its order. Mother, in her *pro se* brief, fails to accept or reject father's statement of the facts. She argues that the trial court incorrectly considered Gigi's income in determining support and should have awarded a larger amount. Because she did not file a cross-appeal, we do not consider her arguments for reversal. *Booras v. Uyeda,* 295 Or 181, 666 P2d 791 (1983).

■ Our review is *de novo* on father's appeal. ORS 107.405. That means we "try the cause anew upon the record." ORS 19.125(3). We cannot try this cause anew without a transcript of the hearing testimony. *See Dent v. Pollard,* 227 Or 399, 362 P2d 324 (1961); *Poor and Poor,* 96

---

[1] The propriety of the stipulation is not before us.

Or App 101, 771 P2d 650, *rev den* 308 Or 465 (1989); *Moore v. Brown, Burke,* 19 Or App 199, 527 P2d 132 (1974). The issues of whether Gigi was regularly attending school and what the amount of support should be are factual. We cannot decide them without examining all of the evidence. The only question that we could consider is whether the pleadings support the order, but that issue was not raised. *Dent v. Pollard, supra,* 227 Or at 400.

Affirmed. Costs, not including attorney fees, to mother.