Argued and submitted March 18, affirmed June 10, 1998

Laura ABBOTT,
*Appellant,*

*v.*

OREGON HOLDINGS, INC.,
*Respondent,*

*and*

OREGON HOLDINGS, INC.;
Oregon Fast Food, Inc.; Oregon Fast Food;
Washington Holdings; and Washington Fast Food, Inc.,
all dba Taco Time; Greg Schons, Joe Markunas,
Yolanda Schons and Richard Stamper, individuals,
*Defendants.*

(9212-08520; CA A91783)

959 P2d 639

James M. Baker argued the cause and filed the briefs for appellant.

Robert J. Miller, Sr., argued the cause for respondent. With him on the brief was Moomaw, Miller & Hildebrand.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals, assigning error to the trial court's allowance of judgment notwithstanding the verdict after a jury returned a verdict for plaintiff on her claims of wrongful discharge and unlawful discrimination under the "pregnancy discrimination" statutes, *former* ORS 659.360 to ORS 659.370 and *former* ORS 659.385 to ORS 659.393.[1] We conclude that, on the record presented, plaintiff's assignments of error are unreviewable. Accordingly, we affirm.

The appellate record, as designated by plaintiff, does not include the trial transcript. Rather, plaintiff designated only the trial exhibits and the pleadings. The only record of testimony in the eight-day jury trial is a one and one-half page excerpt of plaintiff's testimony, which was attached as an exhibit to defendant's motion for judgment notwithstanding the verdict. From that record—sheaves of exhibits, submitted without any related explanatory testimony, and a fragment of plaintiff's testimony—we are unable to rationally evaluate plaintiff's fundamental argument that the jury's verdict was supported by evidence in the record. Thus, this case exemplifies the principle that, although the cost of a transcript may be great, the cost of failing to provide one is usually greater. *See, e.g., Watts v. Lane County,* 142 Or App 489, 492, 922 P2d 686 (1996), *rev den* 325 Or 247 (1997) (appellate record was insufficient to permit review of the allowance of a directed verdict for defendant where the plaintiff failed to designate the trial transcript); *Universal Ideas Corp. v. Esty,* 84 Or App 541, 544-45, 734 P2d 408 (1987) (declining to address assignment of error where the appellant failed to designate appropriate transcript).[2]

Affirmed.

---

[1] Those provisions were subsequently repealed. Or Laws 1995, ch 580, § 18.

[2] *See also King City Realty v. Sunpace,* 291 Or 573, 583, 633 P2d 784 (1981) (appellant is required "to designate such portions of the record as necessary to demonstrate that the trial court committed error"); *Grant County v. Arcanum Institute, Inc.,* 142 Or App 479, 483, 921 P2d 414 (1996) ("[T]he partial record designated is inadequate for us to determine whether the ruling to which defendants assign error was, in fact, erroneous.").