Argued and submitted July 28, 1998, affirmed on appeal and cross-appeal
March 24, petition for review denied July 27, 1999 (329 Or 287)

Eleanor YORK,
*Respondent - Cross-Appellant,*

*v.*

Malcom C. BAILEY,
*Appellant - Cross-Respondent.*

(95-1741-L-1; CA A98929)

976 P2d 1181

Sandra Sawyer argued the cause and filed the briefs for appellant - cross-respondent.

Russell Brand argued the cause and filed the brief for respondent - cross-appellant.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Linder, Judge.

LINDER, J.

---

* Deits, C. J., *vice* Riggs, P. J., resigned.

## LINDER, J.

This appeal arises out of an action seeking reformation of a contract and damages for breach of contract. A jury found defendant liable for breach of contract and determined that plaintiff was damaged in the amount of $20,000. Defendant appeals, assigning error to the trial court's rulings on his motion for summary judgment, his motion *in limine*, and his motion for directed verdict. Plaintiff cross-appeals, assigning error to the admission of an exhibit and to the denial of her motion for directed verdict. Because none of the parties' claims of error is reviewable, we affirm on the appeal and the cross-appeal.

We cannot recite the facts as they developed at trial because neither party designated a transcript of the trial proceedings for the record on appeal. We do know from the pleadings that, in early 1991, defendant negotiated with plaintiff to buy plaintiff's bus charter business, York Tours, Inc. Negotiations led to a written agreement executed in March 1991. The terms of that agreement stated, *inter alia*, that the purchase price for the business was $100 and that defendant would assume $53,460 of plaintiff's business debt. The agreement also provided that plaintiff was to go to work for defendant, which she did in March, after the sale was consummated. Several months later, in December 1991, defendant and plaintiff executed another written agreement, one reciting that defendant would pay plaintiff $20,000 as "final payment for [plaintiff's] interest in York Tours, Inc." Defendant failed to pay plaintiff the $20,000.

The pleadings and the limited record before us reflect that the parties had differing understandings of their negotiations. Plaintiff claimed that in advance of the March agreement, the parties orally agreed to a $20,000 purchase price. According to plaintiff, defendant did not have the money at that time and the parties needed to consummate the sale quickly. Consequently, they recited a $100 purchase price, while orally agreeing that the "true" price was $20,000. Defendant, on the other hand, maintained that the December agreement to pay $20,000 was contingent on the future profits of the business and on plaintiff's promise to continue to

work for defendant and devote her best efforts to the business, which, defendant alleged, she failed to do.

Plaintiff brought this action seeking damages of $20,000, on either of two contract theories.[1] Her first claim sought to reform the March agreement to reflect a $20,000 purchase price on the ground of mutual mistake—*i.e.*, that the $20,000 true purchase price was mistakeningly omitted from the March agreement. She sought a determination that, as reformed, the March agreement had been breached. In an alternative claim for relief, plaintiff alleged that the December agreement memorialized the oral promise to pay $20,000 and was itself enforceable on a promissory estoppel theory. Specifically, plaintiff contended that she detrimentally relied on defendant's oral promise to pay the $20,000, because she never would have signed the March agreement without that understanding.

Before trial, defendant moved for summary judgment on those claims, arguing that there was no dispute of material fact and that defendant was entitled to judgment as a matter of law. His argument was two-pronged. First, he urged that the March agreement was fully integrated and that, therefore, evidence of the alleged $20,000 purchase price was inadmissible under the Parol Evidence Rule to contradict the recited price. He contended that, as a matter of law, the facts alleged by plaintiff did not qualify as a mutual mistake justifying reformation and avoiding parol evidence limitations. The second prong of his argument was directed to the December agreement. Defendant argued that the December agreement was not enforceable on a promissory estoppel theory because, as a matter of law, it was unreasonable for plaintiff to rely on the alleged oral promise to pay $20,000 and then sign the March agreement reciting only $100 as the purchase price. The trial court denied the motion for summary judgment.

Defendant next filed a motion *in limine* asking the court to declare extrinsic evidence of the purported $20,000

---

[1] Plaintiff sought the $20,000 damages in her first and third claims for relief. She also pleaded a second claim for relief for damages related to an alleged breach of the portion of the contract relating to the assumption of the business debts. That second claim is not implicated by the appeal or the cross-appeal.

purchase price inadmissible as parol evidence. Defendant's argument repeated only the first of the two prongs of his summary judgment motion. That is, he argued that the March agreement was fully integrated and, as a matter of law, there was no mutual mistake justifying reformation; thus, the parol evidence rule barred extrinsic evidence of the alleged "true" purchase price of $20,000 to contradict the recited price of $100 in the March agreement. The trial court denied that motion and the case went to trial before a jury.

At the conclusion of plaintiff's case, defendant moved for a directed verdict, repeating both of the arguments made in support of the motion for summary judgment—specifically, that the March agreement legally could not be reformed and that the December agreement legally could not be enforced. The trial court denied the motion. At the conclusion of all of the evidence, plaintiff moved for a directed verdict on one of defendant's counterclaims related to plaintiff's alleged nonperformance of her obligations as defendant's employee. The trial court likewise denied that motion. The case was submitted to the jury, which found that defendant breached his contractual obligations and awarded plaintiff damages of $20,000.[2]

Defendant first assigns error to the trial court's denial of his motion for summary judgment. Because the court denied rather than granted the motion, that claim of error is not properly before us. As the Oregon courts have repeatedly held, an order denying summary judgment is not reviewable following a full trial on the merits, unless the motion rests on "purely legal contentions" that do not require the establishment of any predicate facts. *E.g., Payless Drug Stores v. Brown*, 300 Or 243, 246-48, 708 P2d 1143 (1985); *Seidel v. Time Ins. Co.*, 157 Or App 556, 560, 970 P2d 255 (1998). Purely legal contentions are "those as to which the facts are not merely undisputed but immaterial, such as a facial challenge to the constitutionality of a statute." *Id*. In other words, the legal theory underlying the motion must be that the moving party has a right to prevail on any set of facts

---

[2] The jury also found for defendant on some of his counterclaims and awarded him damages. None of the arguments on appeal implicates those portions of the jury's verdict.

and that the facts, in effect, do not matter. Here, plaintiff's summary judgment motion did not rest on a purely legal contention, but instead turned on the significance of adjudicative facts (albeit, facts that defendant asserted to be undisputed). Consequently, the trial court's denial of the motion is not reviewable.

The parties' remaining assignments of error are plagued by a different problem—the limited record on appeal. Both parties assign error to evidentiary rulings and to the trial court's denial of their respective motions for directed verdict. Yet, neither party provided us with a transcript of the full trial court proceedings. As relevant to the claims raised on appeal, our record consists of the trial court file, the transcript of the hearing on the motion *in limine*, the transcript of the arguments on the motions for directed verdict, one exhibit, and limited excerpts of the testimony of two witnesses at trial.[3] As we observed only recently, although the cost of a transcript may be great, the cost of failing to provide one is usually greater. *Abbott v. Oregon Holdings, Inc.*, 154 Or App 441, 442, 959 P2d 639 (1998). That is true here. As we explain in greater detail, we cannot review the assigned errors on the incomplete record before us consistent with the applicable standard of review.[4]

We start with the parties' respective claims that the trial court erred in its evidentiary rulings. The former rule was that "[o]rdinarily, erroneously admitted evidence is deemed [by an appellate court] prejudicial unless the contrary is affirmatively shown." *Elam v. Soares*, 282 Or 93, 103, 577 P2d 1336 (1978) (quoting *Meyer v. Harvey*, 263 Or 487, 495, 501 P2d 795 (1972)). Because of that "presumption" of

---

[3] Under ORAP 2.05(6), exhibits must be specially designated in addition to the trial court file. The notice of cross-appeal designated a single exhibit. Two additional exhibits, nevertheless, are in the record transmitted for the appeal. Because the record is inadequate with or without those undesignated exhibits, we need not decide whether they are properly part of the appellate record.

[4] It is worth noting that defendant did not set out the pertinent standards of review in his brief, as required by our rules. ORAP 5.45(6). Plaintiff did so, but the recited standards were not in all respects accurate or complete. This case underscores the importance not only of reciting the applicable standard of review, as the rule requires, but also of appreciating the import of those standards for such purposes as ensuring that the appellate court will have the record needed to perform its review.

prejudice, an appellant could obtain a reversal on appeal by designating only such portions of the record as were necessary to demonstrate that the trial court committed an evidentiary error. *King City Realty v. Sunpace*, 291 Or 573, 583, 633 P2d 784 (1981). If the respondent contended that the error was not prejudicial, and if additional portions of the record were needed to support that contention, the respondent bore the burden to supplement the record to demonstrate the lack of prejudice. *Id.*

OEC 103 was enacted in direct response to *Elam,* effectively overruling it by providing that "evidential error is not presumed to be prejudicial." *See Van Gordon v. PGE Co.,* 295 Or 811, 813, 670 P2d 1026 (1983). The effect of that enactment was to eliminate any presumption of prejudice for evidentiary error without also creating a presumption of harmlessness. *See id.* (quoting Council on Court Procedures commentary); *Powers v. Officer Cheeley*, 307 Or 585, 597 n 13, 771 P2d 622 (1989) (same). Consequently, no "burden" as such rests on either party to an appeal to demonstrate that an evidentiary error is or is not prejudicial.

It remains true, however, that an appellate court lacks authority to modify a judgment based on evidentiary error without a determination that the error substantially affected the rights of the party—*i.e.*, that the error was "prejudicial." *Baker v. English*, 324 Or 585, 590, 932 P2d 57 (1997). The inquiry into prejudice must be made, therefore, not because it is either party's burden on appeal to establish or refute some presumption, but because determining the prejudicial effect of an error is part of "our function as an appellate court." *See State ex rel Redden v. Discount Fabrics*, 289 Or 375, 391-92, 615 P2d 1034 (1980) (Howell, J., concurring).

Necessarily, then, to modify a judgment on the basis of an evidentiary error, we must have before us a record that affirmatively establishes prejudice. Without that record, we cannot reverse. In practical terms, that means that the party seeking a modification or reversal on the basis of the asserted error will have a burden to ensure that the appellate record permits the court to make the determination necessary to

award the relief the party seeks. Said another way, if the record is not adequate to permit us to determine that an error, if any, is reversible, that deficiency accrues to the detriment of the party seeking a modification of the judgment because the appellate court must in that circumstance affirm the judgment. *See, e.g., Yundt v. D & D Bowl, Inc.*, 259 Or 247, 260, 486 P2d 553 (1971) (without entire transcript, court could not determine whether claimed evidentiary error was prejudicial and, thus, reversible; judgment must be affirmed).

■ Because neither party has provided us with a transcript of the entire trial, we cannot determine whether the asserted errors, assuming them to have been error, were prejudicial. Without that transcript, we have no idea how the case actually was tried to the jury. Trials often take twists and turns; they rarely are completely predictable events. Here, among other mysteries, we do not know: the totality of the evidence presented or the actual and full testimony of all of the witnesses; what evidence was produced by which parties; how the attorneys argued their positions; and how the jury was instructed. Prejudice cannot be meaningfully assessed on a record so limited. Nor can it be presumed. Accordingly, on this record, the party's respective claims of evidentiary error provide us with no basis to disturb the judgment.[5]

---

[5] The limited record available on appeal suggests an additional problem for defendant's assignment of error relating to his motion *in limine*. That motion appears to have been directed only to evidence of the purported $20,000 purchase price as it might be introduced on plaintiff's first claim seeking to reform the March agreement. Specifically, defendant argued only that the evidence was inadmissible parol evidence because the March agreement was fully integrated and the claim of mutual mistake was legally insufficient for reformation. Significantly, the motion *in limine* did not seek to have the evidence withheld on defendant's third claim for relief—*i.e.*, that the December agreement was independently enforceable on a promissory estoppel theory. Evidence of the purported $20,000 purchase price would appear to have been relevant to that alternative claim for relief. For that reason, the trial court's denial of the motion *in limine* may have been proper in the absence of a motion to exclude the parol evidence on the estoppel theory (a motion defendant did not make) or in the absence of some effort by plaintiff to bifurcate the different claims or separate the jury's consideration of them (*e.g.*, through jury instructions). The point is not that the ruling was proper for that reason, although it may have been. Rather, the point is only that the limitations of this record would force us to engage in undue guesswork to resolve the parties' claims. We cannot—and will not—reverse lower court judgments under those circumstances.

■■■ Finally, both parties assign error to the denial of their respective motions for directed verdict. The standard of review for those claims is one we have repeated often: we review the denial of a motion for a directed verdict by considering the evidence, including all inferences, in the light most favorable to the nonmoving party. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). The verdict cannot be set aside "unless we can affirmatively say that there is no evidence from which the jury could have found the facts necessary to establish the elements of plaintiff's cause of action." *Id. See·* Or Const, Art VII (Amended), § 3. That standard requires examination of the *entire* record of the proceedings. *See Monson v. State of Oregon*, 136 Or App 225, 231, 901 P2d 904, *rev den* 322 Or 361 (1995). We do not have the record in this case to perform the review that the standard requires. *See Abbott*, 154 Or App at 442.

Affirmed on appeal and cross-appeal.