Submitted on record and brief February 19, affirmed June 9, 1999

Lee Ann NASH,
*Appellant,*

*v.*

Chad Edwin FRANK,
*Respondent.*

(95-00459-CV; CA A100115)

984 P2d 311

Lee Ann Nash filed the brief *pro se*.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

PER CURIAM

## PER CURIAM

Mother appeals from the trial court's order giving father custody of their two children. Although mother filed a timely appeal, she did not file a transcript of the hearing. After providing mother with notice, we dismissed mother's appeal because no transcript had been filed. Mother wrote to the court explaining that she was not able to pay for a transcript. We vacated our order of dismissal, reinstated mother's appeal, and "allowed this case to proceed without benefit of a transcript."[1]

On appeal, mother's brief challenges primarily, if not exclusively, the trial court's factual findings. Although we review this case *de novo*, we cannot resolve the factual issues mother raises without a transcript. *See York v. Bailey*, 159 Or App 341, 348, 976 P2d 1181 (1999). In this posture, the only issue that can be raised on appeal is whether the trial court's letter opinion demonstrates that the court erred in modifying its judgment and giving father custody of the couple's children. *See id.* Having examined the court's letter opinion, we cannot say that it erred.

Affirmed.

---

[1] ORAP 3.05(2) provides that

"[t]he record of oral proceedings shall be a transcript, unless the oral proceedings were recorded by audio or video recording equipment and the appellate court has waived preparation of a transcript and ordered that the appeal proceed on the audio or video record alone."

The rule contemplates that any motion filed pursuant to the rule will be filed in a timely fashion before the case is briefed. Mother was initially represented by counsel on appeal. Neither mother's counsel nor mother moved to waive the preparation of a transcript and proceed on the audio record alone.