Submitted on record and briefs January 7, vacated and remanded in part; otherwise affirmed August 30, 2000

In the Matter of the Marriage of

Christine A. VAN WINKLE,
*Respondent,*

*and*

Richard L. VAN WINKLE,
*Appellant.*

(9400127D; CA A105248)

10 P3d 306

Richard L. Van Winkle filed the briefs *pro se*.

Paul T. Beasley filed the brief for respondent. With him on the brief was Van Valkenburgh, Hoffman & Beasley, PC.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Husband appeals from a judgment dissolving the parties' marriage, contending that the trial court erred in several respects. One of husband's contentions is that the trial court erred in failing to rule on his pretrial discovery motion. Although we ordinarily conduct a *de novo* review of the record in dissolution matters under ORS 19.415(3), we reverse the judgment in this case and remand so that the discovery can occur.

The parties have been married for over 25 years but have been separated since 1994. Wife filed an amended petition for dissolution in 1997, which resulted in the 1999 judgment now on appeal. Husband has been incarcerated since the filing of the amended complaint and is not scheduled for release for several years. In her amended petition, wife requests that husband be required to provide spousal support of not less than $500 a month, that she be awarded all real property, that each party be awarded personal property in his or her possession, that husband be made responsible for all debts incurred in his name after January 1994 and that the court make an equitable division of the parties' savings and retirement accounts. Attached to wife's amended petition is a recitation that Oregon law requires that a party provide to the other party certain documents, and the petition lists those documents, quoting HB 3196 (1995).[1]

In his answer, husband requests that wife pay spousal support to him, that he be awarded property equal to 70 percent of the value of the parties' real property, that an equitable distribution of personal property as well as savings and

---

[1] House Bill 3196 was enacted into law by the legislature as Oregon Laws 1995, chapter 800, and was later compiled, in part, as ORS 107.089 (1995). By the time husband's motion for discovery was filed, the legislature had amended ORS 107.089(1) to provide that "[*i*]*f served with a copy of this section as provided in ORS 107.088,* each party in a suit for legal separation or for dissolution shall provide to the other party copies of the following documents in their possession or control[.]" (Emphasis indicates amendment language.) Wife does not argue that husband's motion is defective under ORS 107.089, and we do not decide whether ORS 107.089(1) required husband to serve a copy of the statute as a predicate to a motion to compel discovery under ORCP 46 in light of the fact that wife apparently was aware of the provisions of ORS 107.089.

retirement accounts be made and that each be held responsible for his or her own debts and liabilities arising after the party's separation with an equitable distribution of the obligations incurred before separation. Husband also filed a motion for discovery in November 1997 that says:

"I. COMES NOW Richard L. Van Winkle, Respondent in this matter, acting pro se, to move this Court for its Order requiring the Petitioner to provide discovery materials as required by Oregon law.

"II. Petitioner filed her Amended Petition for Dissolution of Marriage on 15 October, 1997 and included Notice of the requirements of Oregon law under HB 3196 regarding the providing to the other party copies of certain documents in their possession or control. Respondent seeks all such documents to which he is entitled.

"III. WHEREFORE, Respondent seeks this Court's Order requiring the Petitioner to supply all documentation in her possession or control as required by law no later than 15 November, 1997."

So far as we can ascertain from the record, the trial court never ruled on husband's motion. After filing the motion, husband continued to complain in numerous motions filed with the court that he had been unsuccessful in obtaining discovery and that he was at a disadvantage in asserting his interests in the proceeding because of a lack of discovery. In wife's reply brief in response to husband's trial brief, wife explained to the trial court that she had not received any discovery from husband as requested, that she was not in possession of husband's business documents and that she had not been presented with a list of the contents of a storage unit. There is no record of wife furnishing any discovery to husband, except regarding their debts, and she does not claim in her brief to the trial court or in her brief to this court that she complied with husband's discovery motion. It appears that the trial court made rulings on spousal support and property division matters without ruling on husband's motion for discovery and without husband receiving the discovery that he had requested. The judgment, in part, awards each party his or her own PERS retirement account and awards spousal support to neither party.

On appeal, husband seeks reversal of the judgment and "remand for further proceedings to gather proper evidence to resolve disputed facts[.]" Wife makes no explicit response to husband's claim of error in her brief regarding the merits of husband's argument, other than to say that it is facially without substance. The issue for us is twofold: First, whether husband was entitled to discovery on the record before us; second, whether the trial court's failure to act on husband's request for discovery resulted in prejudice to husband.

ORCP 43 and ORCP 46 govern the production of documents. Under ORCP 43 A, a party may serve on any other party a request to produce and permit the party making the request to inspect and copy any designated documents that "contain matters within the scope of Rule 36 B." ORCP 36 B(1) provides that a party "may inquire regarding any matter, not privileged, which is relevant to the claim or defense" of any party. ORCP 43 B requires that the request "set forth the items to be inspected either by individual item or by category and describe each item and category with reasonable particularity." In addition, the request "shall specify a reasonable time, place, and manner of making the inspection and preforming the related acts."

ORCP 46 A provides, in relevant part, that "[a] party * * * may apply for an order compelling discovery[.]" We deem husband's motion a motion made under ORCP 46. His motion requests that, no later than November 15, 1997, wife supply copies of "certain documents" in her possession or control as listed in HB 3196. Included within the list that husband referenced are:

"(a)   All federal and state income tax returns filed by either party for the last three calendar years;

"(b)   If income tax returns for the last calendar year have not been filed, all W-2 statements, year-end payroll statements, interest and dividend statements and all other records of income earned or received by either party during the last calendar year;

"(c)   All records showing any income earned or received by either party for the current calendar year;

"* * * * *

"(i)   The most recent statement describing any retirement plan, IRA pension plan, profit-sharing plan, stock option plan or deferred compensation plan in which either party has any interest[.]"

In making a spousal support award, ORS 107.105(1)(d) (1997) provides, in part:

"the court *shall* consider the following:

"* * * * *

"(H)   The tax liabilities or benefits to each party and *the net spendable income available to each party* after accounting for such liabilities and benefits * * *." (Emphasis added.)

Subsection (f) of ORS 107.105(1) (1997) provides, "[a] retirement plan * * * shall be considered as property" for the just and proper division of the party's real and personal property.[2]

■      As a matter of statutory law, wife's income tax returns are relevant to husband's claims for spousal support, and her PERS statement are relevant to the issue of the property division. Consequently, we hold that husband was entitled to discovery of those documents unless wife made a valid objection under ORCP 43 B. That rule provides, in part, that "[t]he party upon whom a request has been served shall comply with the request, unless the request is objected to with a statement of reasons for each objection before the time specified in the request for inspection and performing the related acts." Our review of the record does not reveal that wife made such an objection. Her only response of record came in 1998, long after discovery was due, and then her assertion was that husband had not provided discovery, not that *his* request was improper. Even if husband was guilty of his own discovery violations, wife's remedy was not to ignore her own obligations under ORCP 43 that arose as a result of husband's motion. This case is further complicated by the fact that it appears that the trial court did not rule on husband's motion. Whether its failure to rule was meant as an implicit denial of

---

[2] ORS 107.105(f) (1997) also provides that: "[t]he court shall require full disclosure of all assets by the parties in arriving at a just property division."

husband's motion or was merely a product of inattention, the result is the same. Husband has been denied the discovery to which he was entitled under ORCP 43 and ORCP 46.

■        Wife's primary argument in her brief is that "[t]here is nothing before the Court in the way of record or transcript for the Court to resolve these matters *de novo.*" Ordinarily, the absence of a transcript to review would be fatal to an appeal. *Nash v. Frank,* 161 Or App 126, 127, 984 P2d 311 (1999); *Elliot and Elliot,* 107 Or App 89, 91, 810 P2d 1323 (1991). However, husband's argument is essentially that he was prevented from developing the record before the trial court because he was not afforded the discovery to which he was entitled by law. Wife's argument fails because husband has not had the opportunity to have discovery and to place before the trial court, and us, all of the relevant facts.

■ ■        The final issue is whether the trial court's error requires reversal. In *Baker v. English,* 324 Or 585, 591-93, 932 P2d 57 (1997), the court explained that, pursuant to *former* ORS 19.125(2), *renumbered as* ORS 19.415(2), the denial of discovery must substantially have affected a party's rights in order to require reversal. In *Baker,* the court held that the erroneous denial of discovery in that case did not require reversal because the requesting party "already knew or had possession of qualitatively the same information as that contained in the denied discovery." 324 Or at 593, 595. Wife does not make that argument here, nor does she assert that her income tax returns and PERS statement were not in her possession or control. Property division, including division of retirement accounts, is woven into the determination of the issue of spousal support, and the two cannot be viewed in isolation. *Grove and Grove,* 280 Or 341, 344, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977). Here, the trial court declined to award spousal support and in its property division ruling accepted, without modification, the itemization and value of the parties' property as listed in wife's memorandum. Under the circumstances, it appears that husband had no information about wife's finances that would have enabled him to assert his positions under ORS 107.105(1)(d) and (f). Therefore, we conclude that in light of the trial court's ruling, husband was prejudiced by the trial court's failure to grant

discovery of wife's income tax returns and the PERS statements.

Husband also makes a number of assignments of error that pertain to the procedural and substantive aspects of the proceedings before the trial court. We reject without discussion his claims of procedural pretrial error. We do not reach his claims of substantive error. On remand, the trial court shall give husband and wife leave to renew motions for discovery of all documents relevant to the issues before the court and, after the discovery occurs, retry the case.

Provisions in judgment related for spousal support and property division vacated and remanded for a new trial; otherwise affirmed.