Argued and submitted December 19, 2005, affirmed February 15, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# SCOTT BRUCE,
*Appellant.*

## PRL028137; A125410

129 P3d 723

James E. Leuenberger argued the cause and filed the brief for appellant.

Rolf C. Moan argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for failure to obey a traffic control device. ORS 811.265. He assigns error to the admission of two photographs that depict him driving his truck through a red light. The state contends that the particular photographs about which he complains were never actually made part of the record. Defendant responds by moving to "correct the record" by including the missing photographs. The state opposes the motion, arguing that defendant has failed to document that the two photographs he seeks to add to the record are, in fact, the two that should have been part of the record in the first place. On the merits, the state argues that the trial court properly admitted the photographs and that, even if their admission was error, the error was harmless in light of testimony as to the contents of the photographs without objection. We allow the motion to correct the record. But we agree with the state that, even assuming that the trial court erred in admitting the photographs, the error was harmless. We therefore affirm.

The relevant facts are undisputed. At trial, Portland Police Officer Johnson, a "part-time photo red light and photo radar officer," testified. Johnson explained that an automatic camera had produced two photographs, exhibits 1 and 2, that recorded the fact that defendant had driven his truck through a red light. Johnson explained that the camera can take photographs only when a vehicle enters an intersection on a red light. He explained that the first of the two photographs shows that defendant is seated in his truck before entering the intersection at a time when the light at that intersection already has turned red. He testified that the second photograph shows defendant driving the truck through the intersection 1.58 seconds later at a velocity of 23 miles per hour. Defendant did not object to any of the foregoing testimony.

The state then offered exhibits 1 and 2 into evidence. Defendant objected on the grounds that they were inadmissible hearsay, that the state had not established the reliability of the camera that took them, and that they amounted to testimony of a machine that was not subject to cross-examination, in violation of his Sixth Amendment right of

confrontation. The trial court overruled the objection and admitted the two exhibits. The trial court ultimately found defendant guilty.

■     Defendant appealed, assigning error to the trial court's decision to admit exhibits 1 and 2. In his notice of appeal, defendant designated the entire trial court record as the record on appeal. An affidavit from the trial court administrator, however, states that "NO EXHIBITS WERE OFFERED." Nevertheless, in his opening brief on appeal, defendant attached two photographs of a truck apparently running a red light.

The state argued that defendant failed to ensure that exhibits 1 and 2 were made part of the record on appeal and that, without those exhibits, we cannot determine whether the admission of those exhibits—even if erroneous—was prejudicial. In the alternative, the state argued that the trial court correctly overruled defendant's objections and that, in any event, in light of Officer Johnson's detailed testimony about the contents of the photographs, their admission—if error—was harmless.

Defendant responded by moving to "correct the record." In the motion, defendant's counsel explained that, although the state had offered exhibits 1 and 2 into evidence, the trial court returned the exhibits to him and that he now tenders those two exhibits to be made part of the record. The state opposes the motion, arguing that, without more from defendant, there is no way to determine whether the two photographs attached to his brief are, in fact, exhibits 1 and 2. Defendant further responded with an affidavit of counsel attesting to the facts pertaining to the motion to correct the transcript.

Our review of the transcript reveals that, as we have noted, the trial court did in fact admit exhibits 1 and 2. For reasons that are not explained, however, those exhibits were not included as part of the record. The state is correct that defendant, as the appellant, had the obligation to ensure that all pertinent exhibits were made part of the record. *H. N. M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 621 P2d 57 (1980), *rev den*, 290 Or 449 (1981). As we explained in *York v. Bailey*, 159 Or App 341, 347, 976 P2d 1181, *rev den*, 329 Or

287 (1999), "to modify a judgment on the basis of an eviden-
tiary error, we must have before us a record that affirma-
tively establishes prejudice. Without that record, we cannot
reverse."

Nevertheless, a party may move this court to correct
the record when it appears to be incomplete. ORS 19.365(4).
In this case, defendant did precisely that. The motion is sup-
ported by an affidavit of counsel attesting to the fact that the
two photographs that defendant had submitted were, in fact,
the two exhibits that the trial court had admitted over his
objection. We therefore allow the motion.

■ Turning to the merits, OEC 103(1) provides that
"[e]vidential error is not presumed to be prejudicial." Only if
the appellant demonstrates that the evidentiary ruling
affects a substantial right is the appellant entitled to reversal
of the judgment. *Id.* No substantial right has been affected if
there is "little likelihood that the particular error affected the
verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003).

In this case, even assuming for the sake of argument
that defendant is correct that the trial court erred in admit-
ting exhibits 1 and 2, defendant has failed to demonstrate
that the error was prejudicial. Officer Johnson testified in
detail about what each of the two exhibits depicts, in partic-
ular that they show defendant entering an intersection after
the light already had turned red, that the camera that took
the photographs can operate only when a vehicle enters an
intersection after the light had turned red, and that it is
defendant who is depicted in the two photos running the red
light. Defendant did not object to any of that testimony. In
light of Johnson's testimony, we do not understand—and
defendant does not explain—how the admission of the pho-
tographs amounted to *prejudicial* error. At oral argument,
defendant argued that Johnson's testimony cannot be relied
on because it was based on the photographs that should not
have been admitted. But, as we have noted, by the time that
defendant interposed his objection to the admission of the
photographs, Johnson already had testified, and without any
complaint from defendant. We conclude that, even assuming

that the trial court erred in admitting exhibits 1 and 2, such error was harmless.

Affirmed.