LAGESEN, P. J.
*69 Appealing a judgment of conviction for misdemeanor driving under the influence of *667 intoxicants, ORS 813.010(4), and reckless driving, ORS 811.140, defendant contends that the trial court abused its discretion by denying his motion for a continuance so that he could call two witnesses at trial and also by ruling that defendant could not call those two witnesses at trial even if they became available. We reject without discussion defendant's contention that the trial court erred by denying the requested continuance. As for his claim regarding his inability to call witnesses, as we explain, the record created by defendant in the trial court is inadequate to demonstrate that the reason that those witnesses did not testify was the ostensible ruling by the trial court excluding them. Consequently, defendant has not demonstrated that the trial court's error, if any, is one that had a likelihood of affecting the jury's verdict, as required for reversal. State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003).
To the extent that an error occurred in this case, it appears to be one of communication rather than law. The record reveals the following about the days leading up to and through defendant's criminal trial.
Day 1 (Thursday) : Defendant and the state reported to Multnomah County's Criminal Procedures Court (CPC) that they were ready for trial. CPC assigned them a trial date of the following Monday.
Day 2 (Friday) : Defendant requested a set over from CPC. Judge Bergstrom was the CPC judge at the time. Defense counsel told the court that, after reporting ready for trial the day before, his client alerted him to the identities of two witnesses who saw him the night before the incident leading to the charges[1] and "who could testify as to his demeanor and his level of sobriety." Counsel explained that his investigator had been trying to contact the witnesses to subpoena them for trial, but had been unable to do so. For that reason, defendant requested a set over, which the state did not oppose. Judge Bergstrom denied the motion, stating, "Well, he should have shared that with you five months ago.
*70 So, it's going out to trial and you don't get to call them." Defense counsel responded, "Yes, your honor."
Day 3 (Monday) : The parties again reported to CPC to obtain a trial judge assignment. Judge Marshall, and not Judge Bergstrom, was the CPC judge that day. The deputy district attorney, who was not the same person who had been present for defendant's motion for a set over, told Judge Marshall that Judge Bergstrom had ordered defendant's witnesses "excluded." Defense counsel did not challenge the deputy district attorney's characterization of Judge Bergstrom's ruling. When Judge Marshall asked defense counsel how many witnesses he had, defense counsel responded, "Technically, it would have been two, though I only have one now." Judge Marshall assigned the trial to Judge Dailey.
Once the parties reached Judge Dailey's courtroom, defense counsel asked Judge Dailey to rule that he could call his witnesses to testify if the state sought to preclude them from testifying that day:
"Your honor, it is my opinion that that issue was not before Judge Bergstrom at that time. Whether a witness gets excluded because of a discovery violation is something that is (a) put before the trial judge who's conducting the trial; and (b) has to be actually put before the judge. What was before Judge Bergstrom was simply a setover request. The state did not request a discovery violation. The state did not move to exclude the witnesses.
"Furthermore, the exclusion of witnesses for a discovery violation is considered the most severe punishment for a discovery violation, and there has to be actual prejudice found, and that no other cure can be found in order to cure that prejudice.
"So I believe that that ruling was not in front of Judge Bergstrom, and even if it was in front of Judge Bergstrom, it wasn't based on adequate information-it was not accurate-and I would like Your Honor to actually make a ruling if the State does move to exclude my witnesses today-that is their right to do-based upon the procedure that brought us here today, but I would like to have the opportunity to argue *668 whether or not they should be excluded or some other remedy ."
*71 After questioning both parties extensively to determine what Judge Bergstrom had ruled, and ascertaining that the deputy district attorney had not been present for the ruling, Judge Dailey noted that she did not understand what Judge Bergstrom had ruled and determined that the issue needed to be sorted out before the trial continued. At that point, the parties and the court went off the record. When they came back on the record, they did not discuss the matter further, and the state did not move on the record to preclude defendant from calling his witnesses. Ultimately, defendant did not call either of the two witnesses; defendant and an expert were the only witnesses for the defense.
On appeal, defendant assigns error to Judge Bergstrom's ruling excluding witnesses, and also to Judge Dailey's ruling, which defendant describes as a denial of his request to reconsider Judge Bergstrom's ruling.[2] The state responds that defendant did not preserve any challenge to Judge Bergstrom's ruling, and that defendant has not provided an adequate record to permit us to meaningfully review Judge Dailey's ruling.
We reject the state's preservation argument. Under the circumstances of this case, to the extent that Judge Bergstrom's ruling on defendant's motion for a set over was a ruling precluding defendant from calling his witnesses, defendant preserved his challenge to that ruling by raising the matter before Judge Dailey. At the time that Judge Bergstrom made that ruling-if he made it-there was no reason for defendant to think that Judge Bergstrom had ruled that defendant could not call those witnesses if they became available for the scheduled trial date. As defendant pointed out to Judge Dailey, no one had asked Judge Bergstrom to preclude witnesses from testifying and there was little reason for defendant to think at the time that Judge Bergstrom made his ruling that the ruling prohibited defendant from calling his witnesses if they became available for trial. Judge Bergstrom did not say that he was *72 precluding witnesses from testifying if defendant could get them to trial. Rather, the most natural understanding of Judge Bergstrom's ruling under the circumstances would have been that, as a result of Judge Bergstrom's denial of the requested set over and defense counsel's reason for seeking it in the first place-that the witnesses were not available-defendant would not be calling the witnesses at trial. As a result, defendant's failure to raise the issue any earlier than he did was reasonable and he preserved the issue for appeal by raising in the manner that he did.
Although we consider the alleged errors preserved, defendant has not demonstrated that they are ones that warrant reversal. Even if Judge Bergstrom ruled that defendant's witnesses were excluded, in order to reverse, we must be able to determine that that ruling likely affected the jury's verdict. That would require a record that demonstrated that Judge Bergstrom's ruling is what led to the witnesses not testifying. York v. Bailey , 159 Or. App. 341, 347-48, 976 P.2d 1181, rev. den. , 329 Or. 287, 994 P.2d 122 (1999) ("[T]o modify a judgment on the basis of an evidentiary error, we must have before us a record that affirmatively establishes prejudice. Without that record, we cannot reverse. In practical terms, that means that the party seeking a modification or reversal on the basis of the asserted error will have a burden to ensure that the appellate record permits the court to make the determination necessary to award the relief the party seeks."); see State v. Affeld , 307 Or. 125, 128-29, 764 P.2d 220 (1988) (to be entitled to reversal, it is incumbent upon an appellant to create a record in the trial court sufficient to permit the appellate court to evaluate whether a claimed error likely affected the outcome of the case).
We do not have that record here. After Judge Dailey-properly-recognized that there were issues to be resolved regarding *669 the actual scope of Judge Bergstrom's prior ruling on the motion for a set over, the parties went off the record. And when they came back on the record, they did not discuss how the issues had been resolved. Further, because the state never made an on-the-record motion to preclude defendant's witnesses from testifying, Judge Dailey was not called upon to rule on defendant's request to call his *73 witnesses in the event that the state moved to prohibit them from testifying. Under these circumstances, we have no way of knowing what conclusions Judge Dailey reached while the parties were off the record and, in particular, do not know whether defendant did not call his witnesses because of Judge Bergstrom's ruling or if, instead, he did not call them because he later determined that they would not be helpful to the defense, given how the evidence developed at trial. On this record, it is possible that Judge Dailey reached Judge Bergstrom on the phone and he disavowed barring defendant's witnesses from testifying and, then, defendant decided not to call them. It is also possible that Judge Dailey reconsidered Judge Bergstrom's ostensible ruling or otherwise determined that defendant would not be precluded from calling witnesses but, then, defendant decided not to call the witnesses. And it is possible that defendant did not call the witnesses because Judge Bergstrom, in fact, precluded them from testifying and Judge Dailey adhered to that ruling. The record that has been supplied to us provides no nonspeculative basis for determining which of those scenarios, if any, transpired. As a result, defendant has not demonstrated any reversible error by the trial court stemming from Judge Bergstrom's ruling on defendant's motion for a set over, or from Judge Dailey's alleged failure to rule that defendant could call his witnesses.
Affirmed.

The incident occurred at approximately 5:30 a.m. or 6:00 a.m.

To the extent that Judge Dailey made a ruling, we note that defendant did not ask for reconsideration of Judge Bergstrom's ostensible ruling. Rather, as the quoted portion of defendant's argument indicates, defendant asked Judge Dailey to rule that he could call his witnesses "if the state does move to exclude my witnesses today."