No. 471          July 3, 2024          637

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Lisa WILKS,
Personal Representative of the
Estate of Sandra G. Rivera, Deceased,
*Plaintiff-Appellant,*

*v.*

Dann K. LEONARD, MD,
an individual doing business as
Leonard Plastic Surgery,
*Defendant-Respondent,*

*and*

SALEM HEALTH,
an Oregon nonprofit corporation
doing business as Salem Hospital,
*Defendant.*

Marion County Circuit Court
18CV51514; A177254

David E. Leith, Judge.

Argued and submitted March 22, 2024.

Rachel F. O'Neal argued the cause for appellant. Also on the briefs was Law Office of Rachel F. O'Neal, PC.

Lindsey H. Hughes argued the cause for respondent. Also on the brief was Keating Jones Hughes, P.C.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff, the Personal Representative of the Estate of Sandra Rivera, appeals from a judgment in favor of defendant, following a jury trial, on plaintiff's medical malpractice and wrongful death action. Plaintiff assigns error to the trial court's exclusion of expert testimony from Dr. Murphy regarding the appropriate standard of care, asserting that the ruling was improper under OEC 702 for the qualification of experts, and that Murphy, a pulmonologist, was qualified to testify, despite not being a plastic surgeon.[1] We need not decide that question, because we conclude that the record is insufficient for us to determine whether any error was prejudicial.

We review for legal error whether a trial court properly applied OEC 702[2] in deciding whether an expert is qualified to testify. *Mall v. Horton*, 292 Or App 319, 323, 423 P3d 730, *rev den*, 363 Or 744 (2018). However, evidentiary error is not presumed to be prejudicial. OEC 103(1). We lack authority to modify a judgment based on evidentiary error without a determination that the error substantially affected the rights of the party—*i.e.*, that the error was prejudicial. *Baker v. English*, 324 Or 585, 590, 932 P2d 57 (1997); ORS 19.415(2). "[T]o modify a judgment on the basis of evidentiary error, we must have before us a record that affirmatively establishes prejudice. Without that record, we cannot reverse." *York v. Bailey*, 159 Or App 341, 347, 976 P2d 1181, *rev den*, 329 Or 287 (1999); *see also Ferguson v. Nelson*, 216 Or App 541, 551, 174 P3d 620 (2007) (concluding that the *de minimis* designation of the trial testimony prevented the court from applying the applicable standard of review); *C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015) (same).

Plaintiff has designated only a portion of the eight-day trial record, including the hearing to qualify Murphy, the testimony that Murphy was allowed to give, the testimony

---

[1] Plaintiff raised additional arguments in her opening brief that have since been withdrawn.

[2] OEC 702 states: "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

of two of defendant's experts, and oral proceedings regarding various motions and jury instructions. According to the parties' briefing and arguments before us, plaintiff called two other expert witnesses in the case, Dr. Schulman and Dr. Moon, and defendant called three experts. Defendant characterized the trial as consisting of "a plethora of witnesses." Without a transcript of the entire trial, we cannot determine whether the exclusion of Murphy's testimony regarding the standard of care had a substantial effect on plaintiff's rights. As we stated in *York*,

> "Without that transcript, we have no idea how the case actually was tried to the jury. Trials often take twists and turns; they rarely are completely predictable events. Here, among other mysteries, we do not know: the totality of the evidence presented or the actual and full testimony of all of the witnesses; what evidence was produced by which parties; how the attorneys argued their positions; and how the jury was instructed. Prejudice cannot be meaningfully assessed on a record so limited. Nor can it be presumed."

159 Or App at 348.

Plaintiff asserts that the exclusion of Murphy's testimony on this issue can be deemed prejudicial regardless of the completeness of the transcripts because plaintiff's only other witness on the issue, Moon, testified remotely from New York, not in person from the west coast. Plaintiff asserts that that "may seem very distant to jurors despite there being a national standard in this regard." We acknowledge that "all witnesses are not alike, and even similar testimony can have a qualitatively different impact." *Bremmer v. Charles*, 123 Or App 95, 104, 859 P2d 1148 (1993), *rev den*, 318 Or 381 (1994) ("When the testimony of an easily impeachable witness is allowed while the substantially similar testimony of less assailable witnesses is excluded, the excluded testimony may not necessarily be cumulative."). However, without a transcript of Moon's testimony, or the remainder of the trial proceedings, we are unable to make an assessment of the prejudicial effect of Murphy's exclusion. We are unwilling to categorically accept that an in-person or local witness will always be superior to a remote or out-of-state witness.

Affirmed.