Argued and submitted September 15, 1986, affirmed March 25, 1987

## UNIVERSAL IDEAS CORP.,
*Appellant,*

*v.*

## ESTY,
*Respondent.*

(16-82-04580; CA A36594)

734 P2d 408

Eric R.-T. Roost, Eugene, argued the cause and filed the briefs for appellant.

Gary E. Norman, Albany, argued the cause for respondent. With him on the brief was Scott & Norman, P.C., Albany.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff alleges that defendant breached a non-competition provision in the parties' contract.[1] The case was tried to the court. At the close of plaintiff's case-in-chief, defendant moved to dismiss on the ground, *inter alia,* that the non-competition agreement was an impermissible restraint of trade. The trial court held that "[p]laintiff does not have a protectible interest justifying said restraint of trade" and "[t]here is no evidence whatsoever that anything that was transferred [by plaintiff to defendant] under the contract would be qualified as trade secret, or anything unique." The court concluded that the restraint was unreasonable and granted the motion to dismiss. *See, e.g., Eldridge et al v. Johnston,* 195 Or 379, 403, 245 P2d 239 (1952).

Plaintiff appeals, assigning as error the "finding that the non-competition agreement between plaintiff and defendant was an illegal restraint of trade." Plaintiff contends that the unreasonable restraint of trade issue had to be raised through an affirmative defense, that no such defense was pleaded and that, if the issue had been pleaded, the burden of proof should have been allocated to defendant rather than plaintiff. Consequently, according to plaintiff, the court should not have considered the issue at all and, if it did, it could not make a finding for defendant on the defense before defendant had put on its case and carried its burden.

The only portion of the transcript which plaintiff has designated as part of the appellate record is the hearing on defendant's motion. We do not know what evidence is in other portions of the record. If that evidence conceivably could show that the trial court did not err as plaintiff claims, we cannot reverse. Plaintiff's assignment of error is directed against a finding. Its first supporting argument is that, because defendant had the burden of proving the unreasonableness of the restraint, it follows *ipso facto* that the court erred by finding for defendant on the issue before he introduced any proof of the defense. We disagree. The trial judge noted in his oral ruling on the motion that "[w]e have the defendant testifying

---

[1] This is the fourth appeal which has been brought in this and related actions. *See Universal Ideas Corp. v. Esty,* 68 Or App 276, 681 P2d 1176, *rev den* 297 Or 546 (1984); *Universal Ideas v. Linn County,* 64 Or App 805, 669 P2d 1165 (1983). We do not repeat facts which are set out in those opinions.

in the plaintiff's case that truly there was nothing unique about this or anything that was really protectible." If, as the court's statement suggests, plaintiff's evidence established the defense, the court could find for defendant without requiring him to duplicate the showing that plaintiff had already made. *See Cribbs v. Montgomery Ward & Co.,* 202 Or 8, 272 P2d 978 (1954). Without a more complete transcript, we are unable to determine that there was error in the way the burden of proof was allocated.

■     For similar reasons, we cannot reverse on the basis of plaintiff's argument that defendant failed to plead the defense. If plaintiff produced evidence pertaining to the reasonableness of the restraint, it can hardly be said—at least without more of a record than we have—that any defect in defendant's pleading prejudiced plaintiff in the preparation or presentation of its case. *See Dean Vincent, Inc. v. Chamberlain,* 264 Or 187, 504 P2d 722 (1972). More significantly, the absence of a transcript of the proceedings makes it impossible to determine whether the trial court properly reached the merits of the defense under ORCP 23B, which provides, as relevant, that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

This case differs from *King City Realty v. Sunpace,* 291 Or 573, 633 P2d 784 (1981). There, as here, the appellant did not designate the entire trial transcript as part of the record on appeal. The court held that that omission was not fatal to the appeal because, in the court's view, the substance of the assignment of error was that the trial judge was incorrect in striking an affirmative defense as a matter of law, although the motion to strike was not allowed until the trial was concluded. The Supreme Court reasoned that the transcript was not essential to demonstrate that the ruling on the motion was erroneous and that the burden fell on the respondent to designate any additional portions of the record necessary to substantiate its contention that the error was non-prejudicial. Here, unlike *King City,* plaintiff makes no assignment of error challenging a ruling on the pleadings; its only assignment attacks the trial court's *findings.* The arguments we have discussed do not turn solely on questions of law and cannot establish error without reference to the evidence.

Plaintiff's failure to designate the appropriate transcript defeats those arguments.

■     Plaintiff also argues that the trial court applied an incorrect legal standard in arriving at its ruling on the restraint of trade issue, in that the court viewed the validity of the non-competition provision as being contingent on plaintiff's having a "protectible interest" in the information which it provided defendant. According to plaintiff, it did not have to have a protectible interest to justify a non-competition provision in this contract, because it is not an employment contract. However, the requirement of a protectible interest is not limited to restraints of trade in employment contracts. The court said in *Eldridge et al v. Johnston, supra,* which did not involve an employer-employe relationship, that, to be reasonable, a contract in restraint of trade "should afford only a fair *protection* to the *interests* of the party in whose favor it is made." 195 Or at 403. (Emphasis supplied.)[2]

Plaintiff's remaining argument, that the non-competition agreement is reasonable, is dependent on its argument regarding "protectible interest," and it raises questions of evidence and fact which we cannot reach on the record that plaintiff has provided us.

Affirmed.

---

[2] We imply no view about whether the nature of the protectible interest necessary to support a restraint may differ in connection with employment contracts and contracts of other kinds. We understand plaintiff to argue only that the "protectible interest" analysis has *no* place outside the employment contract context, and that is the argument we reject.