Argued and submitted July 14, affirmed October 12, 1994

Tibor FULOP,
*Appellant,*

*v.*

STATE FARM INSURANCE COMPANY,
*Respondent.*

(9310-07023; CA A82185)

883 P2d 232

Willard E. Merkel argued the cause for appellant. With him on the brief was Popick & Merkel.

Lisa E. Lear argued the cause for respondent. With her on the brief were Jeremy E. Zuck, Beth Skillern and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals the trial court's modification of an arbitration award to plaintiff for personal injury protection (PIP) benefits under defendant's automobile insurance policy. ORS 36.300 *et seq.* He argues that the court erred when it deleted one of the arbitrators' findings. We affirm.

In January, 1993, defendant was plaintiff's automobile liability insurer. Plaintiff made a claim for PIP benefits for an accident that he claimed had occurred on January 17, 1993. Defendant denied the claim, and the parties submitted it to arbitration pursuant to ORS 742.520(6) and the terms of their insurance agreement. At the conclusion of the arbitration hearing, the arbitrators made these findings:

"The arbitrators find that on January 17, 1993 an accident occurred causing injury to Tibor Fulop.

"The majority of the arbitrators conclude that this accident was caused by a hit and run driver.

"All the arbitrators agree that the medical expenses incurred were reasonable and necessary and that Mr. Fulop is entitled to additional wage loss."

Defendant moved in the trial court to set aside the arbitration award on the ground that the arbitrators exceeded the scope of the arbitration when they found that the accident was caused by a hit-and-run driver or, in the alternative, to strike that finding from the award. It argued that plaintiff's entitlement to PIP benefits was not dependent on whether the accident was caused by a hit-and-run driver, but whether an accident occurred causing injury to plaintiff. The court entered the award as a judgment pursuant to ORS 36.350, but granted the alternative motion, modifying it pursuant to ORS 36.520(2)(a)(C). Although the court invoked the correct statute as its authority to enter judgment on the award, it relied on the wrong statute in modifying the award. ORS 36.520(2)(a)(C) is part of the Oregon International Commercial Arbitration and Conciliation Act.[1]

---

[1] ORS 36.454(3) defines international arbitration as:

"(a) The parties to an arbitration or conciliation agreement have, at the time of the conclusion of that agreement, their places of business in different countries.

"(b) One of the following places is situated outside the country in which the parties have their places of business:

Because there is no other country involved in this arbitration, the act does not apply. The court should have relied on ORS 36.355(1)(d) and ORS 36.360, which authorize the circuit court to modify an arbitration award when the arbitrators "exceeded their powers" in making the award. We turn to plaintiff's argument on appeal to determine if the trial court's ruling was correct despite its reliance on the wrong statute.

■　　　Plaintiff argues that "the question of a hit-and-run driver in the subject accident was a part of the 'dispute' between the parties 'about the denial of personal injury protection benefits.' " Therefore, he concludes that the finding was within the scope of the panel's authority and should be included in the award. Plaintiff's argument is based on the language of ORS 742.520(6), the insurance agreement and what occurred in the arbitration proceeding. ORS 742.520(6) provides for arbitration of disputes between insurers and beneficiaries "about the denial of [PIP] benefits." The insurance agreement provides for arbitration regarding plaintiff's entitlement to PIP benefits. PIP benefits are payable under the policy regardless of what caused the accident so long as plaintiff suffered bodily injury in an accident resulting from the use or maintenance of the insured vehicle. Plaintiff fails to point out where defendant framed this aspect of the dispute before the arbitration panel as other than whether an accident occurred. In this context, the "denial" of benefits does not in itself raise the issue of what factors caused the accident. It raises only the issue of whether an accident occurred.

■　　　Assuming, without deciding, that the parties, by expressed or implied consent, could enlarge the scope of

---

"(A)　The place of arbitration or conciliation if determined in, or pursuant to, the arbitration or conciliation agreement.

"(B)　Any place where a substantial part of the obligations of the commercial relationship is to be performed.

"(C)　The place with which the subject matter of the dispute is most closely connected.

"(c)　The parties have expressly agreed that the subject matter of the arbitration or conciliation agreement relates to commercial interests in more than one country.

"(d)　The subject matter of the arbitration or conciliation is otherwise related to commercial interests in more than one country."

arbitration through the presentation of evidence at the hearing, we cannot evaluate plaintiff's argument without an evidentiary record of the arbitration hearing. Because plaintiff has failed to provide a record of that proceeding, we are unable to consider that part of his argument. *See Universal Ideas Corp. v. Esty*, 84 Or App 541, 544, 734 P2d 408 (1987). We hold that the trial court did not err in striking from the arbitration award the finding that the accident was caused by a hit-and-run driver.

Affirmed.