Argued and submitted October 7, affirmed November 10, 2010, petition for review
denied February 17, 2011 (349 Or 654)

Kimberly BARNETT,
*Plaintiff-Appellant,*

*v.*

CITY OF SALEM,
a public body;
Robert Wells;
and Constance Munnell,
aka Constance Wiggins,
*Defendants-Respondents,*

*and*

Craig STOELK,
*Defendant.*

Marion County Circuit Court
05C14514; A139407

243 P3d 118

William D. Stark argued the cause and filed the briefs for appellant.

Kim E. Hoyt argued the cause for respondents. With her on the brief was Garrett Hemann Robertson P.C.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Plaintiff sued defendants under 42 USC section 1983 for violating her due process rights. Defendants prevailed at trial, and plaintiff appeals. Plaintiff assigns error to the trial court's denial of her motion for a directed verdict. As explained below, we cannot review the assigned error because plaintiff failed to provide a sufficient appellate record. Plaintiff also assigns error to the trial court's denial of her motion for a new trial. We reject that assignment without discussion. Accordingly, we affirm.

■ Plaintiff argues that the trial court erred by denying her motion for a directed verdict on her claim that defendants violated her due process rights when they suspended, and later terminated, her employment. We review a trial court's denial of a motion for a directed verdict to determine whether there was any "evidence from which the jury could have found the facts necessary" to support the verdict. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P3d 811 (1984).

■ Plaintiff, as appellant, must provide an appellate record sufficient for us to determine whether the trial court erred as she claims. *See King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981) ("It is well established that it is the duty of the appellant to designate and bring to the appellate court such portions of the record of the proceedings before the trial court as are necessary to support and establish his contention that the trial court committed the error of which the appellant complains on appeal."). Plaintiff's trial lasted three weeks, yet plaintiff has provided transcripts of only the direct and redirect examinations of four witnesses and the arguments of counsel. That record is insufficient for us to perform our reviewing task; it is insufficient for us to determine whether there was any evidence from which the jury could have found that defendants had not violated plaintiff's due process rights. *See Watts v. Lane County*, 142 Or App 489, 492, 922 P2d 686 (1996), *rev den*, 325 Or 247 (1997) (appellate record insufficient to permit review of the allowance of a directed verdict where the plaintiff failed to designate the trial transcript); *Universal Ideas Corp. v. Esty*, 84 Or App 541, 544, 734 P2d 408 (1987) (assignment of error unreviewable where appellant did not designate transcript of

proceedings and the appellate arguments did not "turn solely on questions of law").

As we have previously stated, "although the cost of a transcript may be great, the cost of failing to provide one is usually greater." *Abbott v. Oregon Holdings, Inc.*, 154 Or App 441, 442, 959 P2d 639 (1998).

Affirmed.