Submitted June 11, reversed September 12, 2012

Erica OCONNELL,
*Petitioner-Respondent,*

*v.*

Kasondra COWGER,
*Respondent-Appellant.*

Lane County Circuit Court
181102094; A148165

287 P3d 1160

James A. Palmer filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

The trial court entered a permanent stalking protective order (SPO) against respondent, who now appeals, arguing that petitioner failed to establish the necessary elements for obtaining an SPO. We agree and therefore reverse.

ORS 30.866, the civil stalking statute, authorizes a court to issue a stalking protective order against a person if (1) the person "intentionally, knowingly or recklessly engages in repeated and unwanted contact with [another] person or a member of that person's immediate family or household thereby alarming or coercing the other person," (2) the other person's alarm or coercion was objectively reasonable, and (3) the unwanted contacts caused the other person "reasonable apprehension regarding the personal safety of [the other person] or a member of the [other person's] immediate family or household." ORS 30.866(1). "Article I, section 8, of the Oregon Constitution imposes an additional requirement in stalking cases in which the petitioner 'seeks to rely on a contact that involves speech.'" *Braude v. Braude*, 250 Or App 122, 129 n 6, 279 P3d 290 (2012) (quoting *Falkenstein v. Falkenstein*, 236 Or App 445, 451, 236 P3d 798 (2010)). In those circumstances, the petitioner also must prove that the contacts involved threats that "instill[] in the addressee a fear of imminent and serious personal violence from the speaker, [are] unequivocal, and [are] objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999); *see also Falkenstein*, 236 Or App at 451 (the constitutional analysis in *Rangel* applies to a civil SPO).

A detailed recitation of the facts in this case would not benefit the bench, the bar, or the public. Suffice it to say that our review of the transcript reveals that all of respondent's contacts that the parties described to the court involved expression, and, conversely, none of those contacts involved threats of the kind required under *Rangel* and *Falkenstein*.

One contact bears further mention. At the hearing before the trial court, each of the parties introduced into evidence a copy of an e-mail that respondent had sent to

the fiancé of one of petitioner's coworkers. Those exhibits were not included in the record on appeal. Neither the trial court nor respondent was able to retrieve those exhibits. (Petitioner did not appear on appeal.) Because of that, we are unable to determine the contents of the single e-mail contained in the missing exhibits. Because the appellant bears responsibility for demonstrating that the trial court erred, *Barnett v. City of Salem*, 238 Or App 577, 578, 243 P3d 118 (2010), *rev den*, 349 Or 654 (2011), we must assume that the e-mail supported the trial court's decision—*i.e.*, that it contained a threat that qualifies as a predicate contact under *Rangel* and *Falkenstein*. However, even with that assumption, the trial court record does not adequately support issuance of the SPO, as none of the other contacts between respondent and petitioner rose to the level of a qualifying threat. It follows that, even if respondent made actionable threats in the missing e-mail, petitioner failed to submit legally sufficient evidence to prove that respondent engaged in *repeated* actionable unwanted contacts with petitioner, as ORS 30.866 requires.

Reversed.