Submitted August 7, appeal dismissed September 30, 2015

Crystal PLUM,
*Petitioner-Respondent,*

*v.*

Nicholas LIBRANDE,
*Respondent-Appellant.*

Marion County Circuit Court
14C10015; A157880

359 P3d 1248

Nicholas Librande filed the brief for appellant *pro se*.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Respondent appeals a final stalking protective order (SPO) and judgment, contending that the evidence was insufficient under ORS 30.866 for the SPO to issue. Specifically, he contends there was insufficient evidence that he had "engaged in two or more unwanted contacts [with petitioner], each of which [was] alarming or coercive" and that petitioner "was in fear of imminent danger." Respondent, as appellant here, bears responsibility for providing an appellate record sufficient for us to determine whether the trial court erred as he claims. *King City Realty v. Sunpace*, 291 Or 573, 582, 633 P2d 784 (1981) ("It is well established that it is the duty of the appellant to designate and bring to the appellate court such portions of the record of the proceedings before the trial court as are necessary to support and establish his contention that the trial court committed the error of which the appellant complains on appeal."); *Barnett v. City of Salem*, 238 Or App 577, 243 P3d 118 (2010), *rev den*, 349 Or 654 (2011) (same).

Here, respondent moved for leave to proceed with his appeal without a transcript of the proceedings in the trial court, which the Appellate Commissioner granted. In the absence of that transcript—that is, without a complete record of the evidence presented to the trial court—we are unable to determine whether the court erred in concluding that the evidence met the requirements of ORS 30.866. In other words, given the state of the record, we are unable to review respondent's claim of error. Accordingly, we dismiss respondent's appeal. *See* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the court may decline to review the assignment of error and may dismiss the appeal if there are no other assignments of error that may be reviewed."); *Russell v. Nikon, Inc.*, 207 Or App 266, 140 P3d 1179, *adh'd to on recons*, 208 Or App 606, 145 P3d 312 (2006), *rev den*, 342 Or 299 (2007) (dismissing appeal under ORS 19.365(5) where appellant failed to provide an adequate record for review of his claim of error).

Appeal dismissed.