Argued and submitted September 19, reversed and remanded October 30, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ALLEN VANDRUFF,
aka James A. Vandruff,
*Defendant-Appellant.*

Multnomah County Circuit Court
050951965; A167300

453 P3d 625

Defendant challenges the trial court's denial of two pretrial motions that defendant made before he entered a conditional guilty plea for three misdemeanor crimes. First, defendant argues that the trial court erred by ruling that a copy of a prior judgment of conviction for DUII was admissible. Second, defendant argues that the trial court erred in denying defendant's motion to suppress evidence of his refusal to perform a breath test because the record is not sufficient to prove that the police officer's request for defendant's cooperation could reasonably be understood as a request for physical cooperation rather than consent to a search. The state concedes that the evidence of the breath test was not admissible in this case. *Held*: The Court of Appeals accepts the state's concession that the evidence of defendant's refusal to perform a breath test was not admissible. Accordingly, the trial court erred in ruling it admissible, and the case must be remanded. Given that disposition, and given procedural idiosyncrasies in this case, the Court of Appeals declined to reach the first assignment of error.

Reversed and remanded.

Christopher A. Ramras, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

HADLOCK, P. J.

Reversed and remanded.

**HADLOCK, P. J.**

Defendant entered a conditional guilty plea to misdemeanor driving under the influence of intoxicants (DUII), reckless driving, and failure to appear. On appeal, defendant assigns error to two of the trial court's rulings. First, defendant challenges the court's ruling that a copy of a Clark County, Washington, judgment of conviction for DUII was admissible. The state makes several arguments in opposition. Second, defendant challenges the denial of his motion to suppress his refusal to perform a breath test. The state concedes that point. For the reasons set out below, we accept the state's concession that the trial court erred when it denied defendant's motion to suppress his refusal to perform a breath test, we decline to address the trial court's ruling regarding admissibility of the Clark County document, and we reverse and remand for further proceedings.

After defendant was charged with the crimes listed above, he filed a discovery request for various records, including "[a] record of all prior criminal convictions which the State intends to introduce." Defendant also filed a written motion to suppress evidence discovered during a stop, including evidence of his refusal to take a breath test.

At a hearing on the morning of the date set for trial, defense counsel alerted the court that he had "several motions" for the court to address pretrial, including the suppression motion. Defense counsel also said that he had a motion "relating to a prior conviction," explaining that the prosecutor "has what appears to be a certified copy of a judgment of conviction from Clark County, Washington." Counsel asserted that the document was "not an original certified," but was "a copy of a certified judgment," which he argued was not self-authenticating under OEC 902. Defense counsel suggested that he thought the state might seek to introduce evidence of the Clark County conviction in association with prosecuting the reckless driving charge.

In response, the prosecutor did not assert whether or how the state would seek to use the Clark County judgment at trial. Rather, the prosecutor said that he was "not entirely sure how [his] office received that document" and indicated that he could not represent whether it was "an

original copy or a faxed over copy." Further discussion about the authenticity and authentication of the judgment document followed, and the court ultimately ruled that the copy of the Clark County judgment would be "admissible as a certified public record, under Rule 902."[1] The court also denied defendant's motion to suppress evidence found as a result of the stop, including defendant's refusal to perform a breath test.

Defendant decided to enter a conditional guilty plea that would allow him to challenge the trial court's pretrial rulings. In court, defense counsel asserted that defendant would enter a plea "without prejudice to [his] right to appeal" the court's rulings on defendant's "motion to suppress a stop, and motion to suppress *** any evidence of field sobriety tests, and a motion to suppress any evidence of a breath test refusal." Defendant ultimately entered a conditional plea agreement in which he "reserve[d] the right to review of all pretrial motions, including in particular Defendant's motions to suppress and to exclude evidence from trial in this matter." The agreement noted that defendant's "motions to suppress and exclude evidence of a traffic stop, field sobriety tests, breath tests, and other evidence were all denied in part or in their entirety." A separate plea

---

[1] The trial court and parties were referring to OEC 902(1), which provides that "[e]xtrinsic evidence of authenticity" is not required with respect to certain documents, including:

"(a) A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

"(b) A document purporting to bear the signature, in an official capacity, of an officer or employee of any entity included in subsection (1)(a) of this section, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employee certifies under seal that the signer has the official capacity and that the signature is genuine.

"* * * * *

"(d) A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with subsection (1)(a), (b) or (c) of this section or otherwise complying with any law or rule prescribed by the Supreme Court."

petition stated that defendant retained the "right to appeal denial of motions to exclude and suppress."

As noted, defendant raises two assignments of error on appeal from the resulting judgment. We address the second assignment first. In a supplemental brief filed after the Supreme Court issued its decision in *State v. Banks*, 364 Or 332, 434 P3d 361 (2019), defendant argues that the trial court erred when it denied his motion to suppress the statement he made after a police officer asked him to provide a breath test: "No way, no way, no way." Defendant contends that the state did not meet its burden to prove that the refusal was admissible under *Banks*, which would have required a showing that the request "could reasonably be understood only as a request to provide physical cooperation and not as a request for constitutionally-significant consent to search." 364 Or at 343. The state concedes that, "in light of *Banks* and based on the limited record that was made in this case, the * * * evidence that defendant declined to submit to a breath test is not admissible over his objection." We agree. Because defendant was convicted on a conditional guilty plea, the correct remedy is to reverse and remand.

The question remains whether to address defendant's other assignment of error, in which he challenges what he characterizes as the trial court's denial of his "motion *in limine* to exclude the state's evidence of his DUII conviction in Clark County, Washington." Defendant acknowledges that the state provided, in discovery, a document from Clark County "purporting to show that defendant had been convicted of DUII" and containing "an image purporting to be the seal of Washington State." Defendant contends, however, that "it is impossible to tell" whether the document is a copy or an original and whether the seal it bears is a copy or original. Defendant concludes that the document is therefore not self-authenticating under OEC 902(1).

In response, the state argues that defendant cannot properly challenge the trial court's ruling that the Clark County document would have been admissible, had defendant gone to trial, because defendant did not reserve the right to challenge that particular ruling when he entered

his conditional guilty plea. Defendant rejoins that the wording of the plea documents is broad enough to reserve his right to challenge that ruling, among others. The state also contends that the document was self-authenticating under OEC 902(1).

The lack of a complete record leads us to conclude that we need not, and should not, resolve the parties' disputes about the scope of the conditional plea agreement or about the admissibility of the Clark County judgment. Simply put, we cannot tell whether the record includes the actual document about which the court ruled. Neither defendant nor the state offered the document as an exhibit at the hearing. Although the record on appeal was supplemented with a copy of the Clark County judgment, we cannot tell how the form of that document compares to the form of the document that was presented for the trial court's consideration. Thus, we have little way of assessing the propriety of the trial court's ruling with respect to the document it viewed (which we cannot see); similarly, if we were to hold either that the court ruled correctly in deeming the document admissible or that it erred in doing so, the court would have no way of determining, on remand, *what* document the state was or was not entitled to introduce at trial. Moreover, because we could not properly pass judgment on the merits of the trial court's ruling, there is no reason for us to address the predicate question of whether that ruling falls within the scope of the rulings that defendant reserved the right to challenge on appeal from his conditional guilty plea.

In short, defendant has not met his responsibility, as the appellant, "for providing an appellate record sufficient for us to determine whether the trial court erred as he claims." *C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015). As a consequence, "we are unable to review respondent's claim of error." *Id*. In the circumstances present here, where the case will be remanded to the trial court for other reasons, the appropriate result is to simply decline to address the trial court's ruling on the admissibility of the Clark County judgment and leave it to the trial court to address that issue again, in the first instance, if it arises. *Cf.* ORS 19.365(5) ("If the record on appeal is not sufficient to

allow the appellate court to review an assignment of error, the court may decline to review the assignment of error[.]").

Reversed and remanded.