No. 301 April 2, 2025 501

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Florin PIRV,
*Petitioner-Respondent,*
*v.*
Rodica PIRV,
*Respondent-Appellant.*
Multnomah County Circuit Court
23CN00470; A182268

Susan M. Svetkey, Judge.

Submitted February 4, 2025.

Rodica Pirv filed the briefs *pro se.*

Florin Pirv filed the brief *pro se.*

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Wife appeals from a supplemental judgment awarding husband a $10,172 money award and holding her in contempt for failing to comply with her obligations under the general judgment dissolving the marriage. The general judgment awarded wife a specific portion of husband's monthly retirement benefits. The trial court found that wife willfully disobeyed the judgment by retaining funds exceeding that amount and ordered wife to repay husband a specific amount. *See* ORS 33.015(2)(b) (defining "contempt of court" as the willful "[d]isobedience of, resistance to or obstruction of the court's authority, process, orders or judgments"). In a single assignment of error, wife asserts that the trial court erred in granting husband the money award because the trial court miscalculated the amount that wife owed to husband.

Wife did not designate the transcript of the contempt hearing as part of the appellate record and that lack of designation renders the record on appeal insufficient for review. *See* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error * * *."); *see also Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007) (the "appellant bears the burden of providing a record sufficient to demonstrate that error occurred"). The transcript here is necessary for determining whether wife preserved her claim of error and whether her claim has merit. Particularly with respect to the latter point, without the transcript, we are unable to meaningfully assess wife's argument that the trial court miscalculated the amount that she owed to husband.[1] *See C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015) (concluding that "[i]n the absence of that transcript—that is, without a complete record of the evidence presented to the trial court—we are unable to determine whether the court erred"). Accordingly, we affirm.

Affirmed.

---

[1] Although the parties submitted documents in support of their respective arguments, we cannot discern from those documents alone whether the court erred.