394 February 19, 2026 No. 136

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ZELAJA ALCONNA BATTLES, JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
24CR32043; A185839

Cynthia L. Easterday, Judge.

Submitted January 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. On the answering brief was Carla E. Edmondson, Deputy Public Defender. Zelaja Alconna Battles Jr. filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction. In his counseled assignment of error, he challenges a provision that appeared for the first time in the money award section of the judgment, which states: "The court may increase the total amount owed by adding collection fees and other assessments. These fees and assessments may be added without further notice to the defendant and without further court order." In four *pro se* assignments of error, defendant argues that (1) the indictment failed to identify the charged crimes with enough specificity to allow him to defend himself; (2) the trial court erred when it allowed additional pleadings before resolving his counterclaim motions; (3) two law enforcement officers conspired to violate his right to equal protection of the law as prohibited under 42 USC section 1983; and (4) the trial court plainly erred by violating his rights under the Second Amendment to the United States Constitution. For the following reasons, we reverse the portion of defendant's judgment that refers to "and other assessments" and "and assessments" and remand to the trial court for entry of an amended judgment deleting those terms from the judgment. We otherwise affirm.

*"Other Assessments"*: In *State v. Martinez*, ___ Or App ___, ___, ___ P3d ___ (Feb 18, 2026) (slip op at 7), also issuing today, we held that the trial court erred when it included an identical provision in the defendant's judgment. We explained that, while a criminal defendant has a right to have their sentence announced in open court, a judgment may be modified in the defendant's absence when the modification is "administrative," that is, it occurs entirely by operation of law and does not involve disputed facts or the exercise of discretion by the sentencing court. *Id.* at __ (slip op at 2). We concluded that the challenged provision did not accurately state the law concerning the amounts that may be added to a defendant's debt, because the court is required to impose specified collection fees under ORS 1.202(1) or (2), and the statute did not authorize the addition of any "other assessments" to a defendant's debt. *Id.* at __ (slip op at 7). Consequently, the portion of the provision inaccurately stating that "and other assessments" and "and assessments"

may be added to a defendant's debt did not qualify as an administrative modification that may be included for the first time in the judgment. *Id.* We concluded further that, because the trial court had no authority to enter a provision in the judgment that misstates the law, and there were no sentencing options that the trial court could permissibly adopt regarding that error, the appropriate remedy was to remand with instructions to delete the erroneous terms from the judgment. *Id.* at __ (slip op at 7-8).

We reach the same result here as we did in *Martinez*. We therefore reverse the portion of the judgment related to adding assessments to the total amount owed by defendant and remand to the trial court for entry of an amended judgment deleting the terms "and other assessments" and "and assessments" from the judgment.

*Pro se assignments of error*: Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that the trial court committed reversible error. In reaching that conclusion, we note that we have limited our review to claims of error that are properly presented in the opening brief. It is an appellant's duty to identify the specific ruling(s) challenged on appeal, show us that the claims of error were adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record. An appellant also has the duty to provide relevant transcript pages to support their arguments when necessary. *Universal Ideas Corp. v. Esty*, 84 Or App 541, 544, 734 P2d 408 (1987) (explaining that the assignment of error was unreviewable where the appellant did not designate a transcript of the proceedings and the appellate arguments did not "turn solely on questions of law"); *see also* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error[.]").

Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop

a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of plaintiff's arguments, and we are unpersuaded that the trial court erred in the ways claimed.

Judgment reversed and remanded for entry of an amended judgment; otherwise affirmed.