812                    May 20, 2026                    No. 452

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jiebin ZHANG,
*Petitioner-Appellant,*

*v.*

Max C. KLEMM
and Andrea L. Klemm,
*Respondents-Respondents.*

Multnomah County Circuit Court
23CV52630; A186810

Benjamin N. Souede, Judge.

Submitted April 8, 2026.

Jiebin Zhang filed the briefs *pro se*.

Timothy J. Fransen and Cosgrave Vergeer Kester LLP
filed the briefs for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and
O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff, appearing *pro se*, appeals an order and judgment of the trial court, which addressed the parties' various claims against each other regarding a real property dispute and issued declaratory relief. On appeal, plaintiff challenges various aspects of the trial court's decision. The "appellant bears the burden of providing a record sufficient to demonstrate that error occurred." *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007). Here, plaintiff did not designate a transcript of the trial court proceedings as part of the record. But examination of plaintiff's claims for relief demonstrates that review of that transcript is necessary to resolve the claims that plaintiff raises on appeal. Without the transcript, we are not able to determine whether any error occurred. *See Universal Ideas Corp. v. Esty*, 84 Or App 541, 543-44, 734 P2d 408 (1987) (explaining that the court was not able to review an assignment of error without a transcript of the proceedings and where the appellate arguments did not "turn solely on questions of law"); *see also* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error[.]"). Accordingly, we affirm.

Affirmed.